## Ann Burke v. John D. Burke and another.

*Statute of descents: Inherited estate of deceased minors: Statute construed.* By the statute (*Comp. L. 1871, § 4309, Sub. 6*), where upon the descent of an estate to children, one of them dies under age, not having been married, his share of the inheritance goes to those who would have taken the same had such child died in the lifetime of the ancestor, *i. e.*, to the other children of the intestate, and to the issue of such thereof as may have died, by right of representation; the intent being rather to give a new destination to that portion of the parent's estate which has in some measure failed to accomplish the design of the legislature by the premature death of such child, than to provide a new and distinct rule of distribution for such child's own estate.

*Infants: Inherited estates: Rules of descent.* This statutory provision applies only to estates inherited from the parent, and estates acquired by the minor from the parent in any other way than by inheritance, or acquired from any other source, are not affected by this provision, but are governed by the other statutory rules of descent.

*Construction of statutes.* In case of an apparent conflict between different subdivisions of the same section of the statute, the entire section must be examined, and such a construction put upon it as, if possible, will harmonize and give effect to the various provisions according to the evident intent, so far as the same may be gathered from the language used.

*Statute of descents construed: Inherited estate of minors.* Construing the statute of descents (*Comp. L. 1871, § 4309*), it is held that the first five subdivisions seem to have reference to and provide for the descent of the real estate of intestates generally, without reference to the manner in which, or source from whence the intestate acquired or derived his title; the sixth and seventh subdivisions go back to the source from whence the deceased minor intestate derived his title, and provide how in certain cases a minor's inherited estate shall descend; and the sixth subdi-

vision is not a mere proviso to the fifth alone, but limits all the preceding subdivisions to which it is applicable, and was intended as an exception to the general plan before laid down.

*Submitted on briefs June 21.     Decided October 4.*

Error to St. Clair Circuit.

*Miles & Coe* and *William T. Mitchell*, for plaintiff in error,. cited: *Nash v. Cutler, 16 Pick., 461; Rowley v. Stray, 32 Mich., 70.*

*H. W. Stevens*, for defendants in error, cited: *Nash v. Cutler, 16 Pick., 461; Sheffield v. Loring, 12 Mass., 490; Runey v. Edmonds, 15 Mass., 291; 18 Cal., 96; 36 Cal., 329.*

MARSTON, J:

This case was commenced to determine who were the heirs at law of Thomas Burke, Jr., deceased. The facts as found by the circuit judge were as follows:

"Thomas Burke, Jr., died while yet an infant under the age of twenty-one years, unmarried and intestate.

"His father, Thomas Burke, Sen., died intestate, some two or three years before *his* death, leaving him, his widow, the said Ann Burke, the said Thomas Burke, Jr., now dead, and two other sons, John and George Burke, who were brothers of the half blood of the said Thomas Burke, Jr. All the estate of the said Thomas Burke, Jr., now deceased, including the land mentioned in the petition, came to him by descent from his father, the said Thomas Burke, Sen. Prior to the death of the said Thomas Burke, Jr., the estate of his father had been fully administered, closed, and settled, and the land in the petition had been set off to him, the said Thomas Burke, Jr., as a portion or all of his share of the estate, and the widow of Thomas Burke, Sen., and mother of Thomas Burke, Jr., now claims title by *part 3 of Sec. 4309,* that she is entitled to share equally with his two brothers in his estate."

From these facts the court came to the conclusion that *part 6 of* § *4309* governed the case, and that the mother was not entitled to any share in the estate.

The only question here raised is as to the correctness of this conclusion from the facts found.

Plaintiff in error, the mother of Thomas Burke, Jr., claims that this case comes under, and is governed by the third subdivision of § *4309*, which reads as follows:

"*Third,* If he shall leave no issue, nor widow, nor father, his estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by right of representation: *Provided,* That if he shall leave a mother also, she shall take an equal share with his brothers and sisters."

Defendants claim that the sixth subdivision governs, which reads as follows:

"*Sixth,* If any person shall die leaving several children, or leaving one child, and the issue of one or more other children, and any such surviving child shall die under age, and not having been married, all the estate that came to the deceased child by inheritance from such deceased parent, shall descend in equal shares to the other children of the same parent, and to the issue of any such other children who shall have died, by right of representation."

The third subdivision, if standing alone, would clearly apply to, and govern this case.

If there is an apparent conflict between the third and sixth subdivisions, we must examine the entire section, and, if possible, harmonize and give effect to the various provisions, according to the evident intent of the legislature, so far as that intent may be gathered from the language used. The first five subdivisions of this section would seem to have reference to, and provide for, the descent of the real estate of intestates generally, without any reference to the manner in which, or source from whence the intestate acquired or derived his title.   The sixth and seventh subdivisions go back to the source from whence the deceased minor intestate

derived his title, and provide how in certain cases a minor's inherited estate shall descend.    Between the fifth and sixth subdivisions are the words, "*Provided however*," and plaintiff insists, therefore, that the sixth subdivision only modifies the fifth, consequently that the third is in no way affected by the sixth.    I am not satisfied that this is the correct view.    I do not see how a case coming within the fifth rule could be in any way modified or affected by the sixth, and to so limit it would render the sixth wholly nugatory.    If this sixth subdivision was intended as a mere proviso, it was not limited to the fifth, but was a proviso to all of the preceding rules or subdivisions to which it could be made applicable.    It was intended as an exception to the general plan before laid down.    As was said by *Shaw, Ch. J.,* in considering a similar proviso, "the whole purpose is the descent of intestate estate; and we think the effect is, that where upon the descent of an estate to children, one of them shall happen to die in infancy; that is, at any time before arriving at the age at which, by law, he has the power of disposing of his estate, and before he has by marriage contracted obligations and    tablished new connections which change his relative situation to others, his share of the inheritance, that is, his portion of the intestate estate, for the descent of which the statute is now providing, shall go just in the same manner as if such child had died in the lifetime of the ancestor, or, in other words, to those who would have taken the same share if such child had not existed.    It directs that it shall go to the other children of the parent from whom it came, which it would have done, had the child so dying not been in existence at the time of the decease of such parent.    It is rather giving a new destination to that portion of the parent's estate, which has in some measure failed to accomplish the design of the legislature by the premature death of such child, than to provide a new and distinct rule of distribution for such child's own estate."—*Nash v. Cutler, 16 Pick., 498.*    It has therefore accordingly, and very properly, been held that this proviso

BURKE v. BURKE.

applies only to estates inherited from the parent; that estates acquired by the minor from the parent in any other way than by inheritance, or acquired from any other source, are not affected by this proviso, but are governed by the previous rules.—See case last cited; also, *Estate of DeCastro v. Barry, 18 Cal., 97; Estate of Donahue, 36 Cal., 329.*

The conclusion of the circuit court was correct, and the judgment must be affirmed, with costs.

The other Justices concurred.