CHARLES B. RICE v. JOHN SAXON.

[FILED DECEMBER 31, 1889.]

1. **Wills:** TRUSTS : DESCENT.   One H., having a child by a former marriage, contracted a second marriage in 1869 or 1870.   The issue of this marriage was one son.   Afterwards the father made a will in which he bequeathed his real estate to a trustee for the use of his wife during the time she should remain his widow, and soon thereafter died.   The power to dispose of the property, if it existed under the will, was not exercised.   In 1877 the widow married one M., and the trust estate thereupon came to an end, and the heirs of H. were entitled to the property.   In 1881 the son of H., the sole issue of the second marriage, died, unmarried, and without issue.   *Held,* That the estate of said son descended in equal proportions to the mother and sister of said son.

2. ———: DOWER.   The fact that the widow had elected to take under the will instead of claiming dower in the estate, merely precluded her from claiming aught against the heirs not provided for in the will, but did not debar her of an estate of inheritance from her son of the property mentioned in the will.

ERROR to the district court for Jefferson county.   Tried below before MORRIS, J.

*Charles B. Rice, pro se:*

The provision in the will directing that the real estate should descend to the " legal heirs" was void in so far as it attempted to create an estate by purchase.   Where a devise purports to give to an heir an estate which is precisely the same as the one he would inherit, he will take by descent and not by purchase.   (4 Kent's Com., 506–7; 1 Chitty's Blackstone, 194; 1 Jarman, Wills, 75; Hilliard, Real Property, 528–9; *Gilpin v. Hollingsworth,* 3 Md., 190 [56 Am. Dec., 737], *Ellis v. Page,* 7 Cush. [Mass.], 161; *Parson v. Winslow,* 6 Mass., 178; *Whitney v. Whitney,* 14 Mass., 90; *Hubbard v. Rawson,* 4 Gray [Mass.], 242;

*Sedgwick v. Minot,* 6 Allen [Mass.], 171 ; *Waters v. Stickney,* 12 Id., 1 ; *Ward v. Stowe,* 2 Dev. Eq. [N. Car.], 509 [27 Am. Dec., 238]). As John Edward Hughes died without issue and unmarried, all his estate inherited from his deceased father descended to his surviving sister, Eliza J. Hughes. (Comp. Stats., ch. 23, sec. 30.) Plaintiff in error, as the owner of all the interest in said real estate which Eliza J. Hughes inherited, is entitled to the same. Clara McCarroll, formerly Clara Hughes, having accepted the provisions of. the will of John Hughes in lieu of dower, was not entitled to any further share in the latter's estate, and all deeds made by her and her grantees, under whom defendant in error claims, should be declared null and void.

*John Saxon, contra:*

The heirs could only have taken by purchase, since the devise was not to the testator's heirs but to an executor named in the will who took the whole estate in trust and for specified purposes. (*Estate of Delany,* 49 Cal., 76 ; Herrick & Doxsee, Prob. L. & P., 113, and cases cited.) And the devise contained not a particular estate with an outstanding reversion, but all "the estate of the devisor." (Comp. Stats., ch. 23, sec. 124 ; *Little v. Giles,* 25 Neb., 313.) When the trust estate terminated, it became, and yet is, the duty of the trustee to make conveyances to the legal heirs. (Gary, Probate Law, sec. 755, and notes.)

MAXWELL, J.

The plaintiff brought an action in the district court of Jefferson county to quiet his title to certain real estate therein. The defendant filed a petition to intervene in the case, which was sustained. On the trial of the cause the court made special findings as follows :

"First—That Eliza J. Compton, formerly Hughes, is the legitimate child of John Hughes, deceased, and that John

Edward Hughes, deceased, was the legitimate child of John Hughes, deceased; that both of said children were living at the time of the death of said John Hughes, and were his only heirs—Eliza J. being his only child and daughter by his first wife, and John Edward the only child of his second marriage.

"Second—That John Hughes was divorced from his first wife in November, 1869, and afterwards intermarried with one Clara Slocumb, who was his lawful wife at the time of his death and the mother of John Edward Hughes, and that said Clara afterwards intermarried with one Mc-Carroll on the — day of ———, 1877.

"Third—That John Hughes died on the 12th day of March, 1873, leaving a last will and testament, which was duly proved and allowed in the probate court of Jefferson county, Nebraska, on the 17th day of April, 1873.

"Fourth—That at the time of his death said John Hughes was the owner in fee simple of the northeast quarter of section 23, town 2 north, range 3 east, of the 6th P. M., in Jefferson county; that the trust estate created by said will in the executor of said will, John Friday, ceased and determined on the marriage of said Clara Hughes to said McCarroll, and that said John Hughes, deceased, intended by the terms of said will to include both of his said children, Eliza J. Hughes and John Edward Hughes, in the disposition of his estate, and that on the determination of said trust estate each of said children became entitled to one undivided one-half of said real estate.

"Fifth—That John Edward Hughes died on the 9th day of July, 1881; that at the time of his death he was a minor and unmarried, and that he left surviving him his sister, Eliza Jane Hughes, and his mother, Clara McCarroll, and that he died intestate and without issue, and possessed of no property other than his interest in the real estate aforesaid.

"That Charles B. Rice is the owner of all the interest

in said real estate that Eliza J. Compton was entitled to at the death of John Edward Hughes, and that John Saxon is the owner of all the interest in said real estate that Clara McCarroll was entitled to at said time.

"As a conclusion of law, that plaintiff Charles B. Rice is entitled to and is the owner of an undivided three-fourths interest in and to the real estate in controversy, as the grantee of Eliza J. Compton, formerly Eliza J. Hughes.

"That defendant John Saxon, as the grantee of Clara McCarroll, is entitled to and is the owner of an undivided one-fourth interest in and to said real estate.

"Whereupon it is considered, adjudged, and decreed by the court that the title of the plaintiff Chas. B. Rice be, and is hereby, quieted, confirmed, and established in and to an undivided three-fourths in the northeast quarter of section 23, township 2 north, range 3 east, of the 6th P. M., Jefferson county; that the title of the defendant John Saxon be, and is hereby, quieted, confirmed, and established in and to an undivided one-fourth of said real estate; that the defendants Albert T. Shull, Chas. S. Carr, Henry L. McClure, Edward Hughes, William H. Snell, Alice Donnelly, Barney Carroll, Clara McCarroll, formerly Clara Hughes, or any of them, have no title or estate at law or in equity in or to said premises, and they and each of them are hereby restrained from asserting any title thereto or interest therein."

There is no bill of exceptions and the case is submitted to the court on the findings of fact and conclusions of law of the court.

We must assume that the findings of fact are satisfactory to both parties, there being no foundations laid to review the same.

Taking the findings of fact as correct, the estate bequeathed to Clara Slocumb Hughes, in the land in question, was to continue only during the time that she should remain a widow. There appears to have been no power of

disposition of the property, or if so, it was not exercised, hence that question need not be considered. In 1877 she married again and her direct interest in the estate ceased. The estate then belonged to the heirs of John Hughes, one of which was John Edward Hughes, the son of Clara Slocumb Hughes. He died in 1881. Upon his death his estate descended, under the laws of the state, to those entitled thereunder to inherit.

Sec. 30 of chap. 23, Comp. Stats., 1887 provides that "When any person shall die seized of any lands, tenements, or hereditaments, or of any rights thereto, or entitled to any interests therein in fee simple, or for the life of another not having lawfully devised the same, they shall descend, subject to his debts, in the manner following:

"First—In equal shares to his children, and to the lawful issue of any deceased child, by right of representation; and if there be no child of the intestate living at his death, his estate shall descend to all his other lineal descendants; and if all the said descendants are in the same degree of kindred to the intestate, they shall have the estate equally.     *     *     *

"Second—If he shall have no issue, his estate shall descend to his widow during her natural lifetime; and after her decease, to his father; and if he shall have no issue nor widow, his estate shall descend to his father.

"Third—If he shall have no issue, nor widow, nor father, his estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by right of representation; *Provided*, That if he shall have a mother also, she shall take an equal share with his brothers and sisters.

"Fourth—If the intestate shall leave no issue, nor widow, nor father, and no brother nor sister living, at his death, his estate shall descend to his mother, to the exclusion of the issue, if any, of the deceased brother and sister.

"Fifth—If the intestate shall leave no issue, nor widow,

Rice v. Saxon.

and no father, mother, brother, nor sister, his estate shall descend to his next of kin, in equal degree, excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote.

"*Providing, however*, Sixth—If any person shall die, leaving several children, or leaving one child, and the issue of one or more other children, and any such surviving child, shall die under age, and not having been married, all the estate that came to the deceased child by inheritance from such deceased parent shall descend, in equal shares, to the other children of the same parent, and to the issue of any such other children who shall have died, by right of representation.

"Seventh — If at the death of such child who shall die under age, and not having been married, all the other children of his said parent shall also be dead, and any of them shall have left issue, the estate that came to said child by inheritance from his said parent shall descend to all the issue of other children of the same parent, and if all the said issue are in the same degree of kindred to said child, they shall share the said estate equally, otherwise they shall take according to the right of representation.

"Eighth — If the intestate shall leave a widow and no kindred, his estate shall descend to such widow.

"Ninth — If the intestate shall have no widow nor kindred, his estate shall escheat to the people of this state."

The fact that Mrs. Hughes accepted the provisions made for her in the will of her husband in lieu of dower did not debar her from taking a part of that property by inheritance from her own son. In other words, by accepting the provisions of the will in lieu of dower, as between the heirs at law and herself, she could claim nothing pertaining to the estate except in accordance with the terms of the will.

When, however, the provisions of the will lapsed by her

25

marriage, the heirs of the estate of John Hughes became entitled to the same. One of those heirs was the child of Clara Slocumb Hughes, and as such child died during its minority unmarried, and without issue, his estate descended one-half to his mother and the other half to his sister.

A large number of questions are discussed in one of the briefs before us, but as they do not arise on record before us they will not be considered. The plaintiff therefore is entitled to three-fourths of the real estate and the defendant one-fourth.

. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.