WILLIAM A. GWYER, JR., V. RALPH H. HALL ET AL.

[FILED MAY 18, 1892.]

Descent.   One H. died intestate, being possessed of a quarter sec-
    tion of land, leaving a widow and one son.   The son died intes-
    tate about the year 1880, being unmarried and having no chil-
    dren.   *Held*, That under the statute as it existed at that time
    the mother inherited the land from her son.

ERROR to the district court for Douglas county.   Tried
below before WAKELEY, J.

*Burke & Prout*, for plaintiff in error, cited : *Lucas v.
King*, 2 Stock. Ch: [N. J.], 277; *Overton v. Woolfolk*, 6
Dana [Ky.], 371; *Kelley's Heirs v. McGuire*, 15 Ark.,
555; *Perkins v. Simonds*, 28 Wis., 90; *Warren v. Engle-
hart*, 13 Neb., 283; *Robert's Appeal*, 39 Pa. St., 417;
*McWilliams v. Ross*, 46 Id., 369; *Pierson v. De Hart*, 2
Pen. [N. J.], 73; Walker, Am. Law, 379, 397; 2 Black-
stone's Com., 243 ; *West v. Williams*, 15 Ark., 683 ; *Scull
v. Vangine*, Id., 695 ; *Campbell v. Ware*, 27 Id., 65 ; *Beard
v. Mosley*, 30 Id., 517 ; *Oliver v. Vance, Jr.*, 34 Id., 590 ;
*Miller v. Speer*, 38 N. J. Eq., 567 ; *Hart's Appeal*, 8 Pa.
St., 32; *Walker v. Dunshee*, 38 Id., 430 ; *Tillinghast v.
Coggershall*, 7 R. I., 383 ; *Gardner v. Collins*, 2 Pet. [U.
S.], 90; *Shellenberger v. Ransom*, 31 Neb., 61; *Prickett v.
Parker*, 3 O. St., 394; *Patterson v. Lamson*, 12 N. E.
Rep. [O.], 531 ; *Atkins v. Atkins*, 9 Neb., 191; *Bresee v.
Stiles*, 22 Wis., 120; *Ruth v. Oberbrunner*, 40 Id., 238.

*C. A. Baldwin*, contra, cited: *Seymour v. Ricketts*, 21
Neb., 240.

MAXWELL, CH. J.

This is an action of partition brought in the district
court of Douglas county.   On the trial of the cause the

court below found for the defendant and dismissed the
action.   A motion is now made to dismiss the action, and
also there are objections to the right to maintain partition
while the plaintiff is out of possession.

An examination of the record convinces us that the judg-
ment of the court below is right and we prefer to decide
the case upon the merits, instead of upon a question of
practice.   The following facts appear from the record:

In 1860 one Halsey A. Hall died intestate, seized of the
east half of the northwest quarter of section 8, township 14
north, of range 12 east, of 6th P. M.   Hall left a widow,
and a son was afterward born who was named Halsey B.
Hall, and he left no other children, or issue of any deceased
child.   In 1875 Halsey B. died intestate, being unmarried
and without issue.   He had a number of paternal uncles
and aunts, and the plaintiff is a son of one of the paternal
aunts, and the other defendants, except Kelsey, claim title
by inheritance upon the ground that the estate descended
to them.   In 1880 the widow of Halsey A. Hall instituted
proceedings in the district court of Douglas county to
have her rights to the land determined, and she was de-
creed to be the owner in fee as inheriting from her son.
She afterwards conveyed to Kelsey, who now defends the
action.   It will thus be seen that the rights of the respect-
ive parties are to be determined by the law relating to in-
heritance.

Section 30 of the decedents' law as it existed in 1860,
and was carried in the revision of 1866, was as follows:
" When any person shall die seized of any lands, tenements
or hereditaments, or of any rights thereto, or entitled to
any interest therein in fee simple, or for the life of another,
not having lawfully devised the same, they shall descend,
subject to his debts, in the manner following: First—In
equal shares to his children and to the lawful issue of any
deceased child, by right of representation; and if there be
no child of the intestate living at his death his estate shall

descend to all his other lineal descendants, and if all the said descendants are in the same degree of kindred to the intestate, they shall have the estate equally; otherwise they shall take according to the right of representation.  Second—If he shall have no issue, his estate shall descend to his widow during her natural lifetime, and after her decease to his father; and if he shall have no issue nor widow, his estate shall descend to his father.  Third—If he shall have no issue, nor widow, nor father, his estate shall descend in equal shares to his brothers and sisters and to the children of any deceased brother or sister, by right of representation; *Provided,* That if he shall have a mother also she shall take an equal share with his brothers and sisters.  Fourth—If the intestate shall have no issue, nor widow, nor father, and no brother nor sister living at his death, his estate shall descend to his mother, to the exclusion of the issue, if any, of the deceased brother and sister.  Fifth—If the intestate shall leave no issue, nor widow, and no father, mother, brother nor sister, his estate shall descend to his next of kin, in equal degree, excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestors shall be preferred to those claiming through an ancestor more remote; *Provided, however,* Sixth—If any person shall die leaving several children, or leaving one child, and the issue of one or more other children, and any such surviving child shall die under age, and not having been married, all the estate that came to the deceased child by inheritance from such deceased parent shall descend in equal shares to the other children of the same parent, and to the issue of any such other children who shall have died, by right of representation.  Seventh—If, at the death of such child who shall die under age, and not having been married all the other children of his said parent shall also be dead, and any of them shall have left issue, the estate that came to said child by inheritance from his said parent shall de-

scend to all the issue of the other children of the same parent, and if all the said issue are in the same degree of kindred to said child, they shall share the said estate equally; otherwise they shall take according to the right of representation. Eighth—If the intestate shall leave a widow, and no kindred, his estate shall descend to such widow. Ninth—If the intestate shall have no widow, nor kindred, his estate shall escheat to the people of this territory."

The proper construction of a part of this section was before the court in *Rice v. Saxon*, 28 Neb., 380, where it was held that a mother inherited from her son in an equal degree with a sister of the deceased. Here there were no other children and in our view the mother inherited the entire estate.

The judgment is therefore right and is

AFFIRMED.

THE other judges concur.