IN RE ESTATE OF JEANETTE VAN ORSDOL.

MINNIE INGERSOL, APPELLANT, v. ELIZABETH VINTON,
APPELLEE.

FILED JUNE 16, 1913. No. 17,299.

1. Descent and Distribution. The first four subdivisions of section 2,
ch. 23, Comp. St. 1911, are limited and modified by the fifth and
sixth subdivisions of the section.

2. ———. O. died, leaving a child by a former wife, also leaving his
widow and their child, J. Afterwards J. died under age, and not
having been married. *Held*, That the estate which J. took from
her father descended to her sister.

APPEAL from the district court for Jefferson county:
LEANDER M. PEMBERTON, JUDGE. *Reversed.*

*Hartigan & Wunder*, for appellant.

*Heasty, Barnes & Rain*, contra.

SEDGWICK, J.

W. S. Van Orsdol died in March, 1909, and left surviving
him his widow and their infant child, Jeanette Van
Orsdol, and his daughter by a former marriage, this plain-
tiff, now Minnie Ingersol. Soon afterwards Jeanette Van
Orsdol died in infancy, and a few days later the widow
also died. The defendant, Elizabeth Vinton, as the sur-
viving heir of Mrs. Van Orsdol, claims the share of Mr.
Van Orsdol's estate which was inherited by the infant,
Jeanette. The plaintiff, Minnie Ingersol, claims the share
of the estate inherited by Jeanette, as her sister and the
sole surviving child of their father, from whom Jeanette
inherited the property. The district court held that the
widow, Jeanette's mother, inherited her interest in the
property, and the sister, Minnie Ingersol, has appealed.

Some other matters were presented by the record, but
the only question discussed in the briefs is whether the

mother of Jeanette or her half-sister, the surviving child of her father, inherited her interest in the estate.

The statute governing is section 2, ch. 23, Comp. St. 1911, which is as follows: "When any person leaving no husband nor wife surviving, shall die, seized of any real estate, or any right thereto, or entitled to any interest therein, in fee simple, or for the life of another, not having lawfully devised the same, it shall descend, subject to his debts, in the manner following: *First*. In equal share to his children, and to the lawful issue of any deceased child by the right of representation; and if there be no child of the deceased living at his death, the estate shall descend to all his other lineal descendants; and if all the said descendants are in the same degree of kindred to the deceased, they shall have the estate equally; otherwise they shall take according to the right of representation. *Second*. If the deceased shall leave no issue, the estate shall descend to the father and mother of the deceased or to the survivor of them. *Third*. If the deceased shall leave no issue, nor father nor mother, the estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by the right of representation. *Fourth*. If the deceased shall leave no issue, nor father nor mother nor brother nor sister, the estate shall descend to his next of kin in equal degree, excepting that where there are two or more collateral kindred in equal degree but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote: Provided, however, *Fifth*. If any person shall die leaving several children, or leaving one child and the issue of one or more other children, and any such surviving child shall die under age and not having been married, all the estate that came to the deceased child by inheritance from such deceased parent, shall descend, in equal shares, to the other children of the same parent, and to the issue of any such children who shall have died, by the right of representation. *Sixth*. If, at the death of such

child who shall die under age and not having been married, all the other children of said parent shall also be dead, and any of them shall have left issue, the estate that came to the said child by inheritance from his or her said parent, shall descend to all the issue of the other children of the same parent; and if all the said issue are in the same degree of kindred to said child, they shall take the estate equally; otherwise they shall take according to the right of representation. *Seventh.* If the deceased shall leave no kindred nor husband nor wife, the estate shall escheat to the state of Nebraska."

The solution of this question depends upon the meaning and effect of the fifth and sixth subdivisions of the section. They were first enacted by the territorial legislature of 1855 and 1856. 1 Complete Session Laws, p. 263. These two subdivisions have been retained without change in all of the subsequent amendments of the laws of descent of property. Section 176, ch. 14, Rev. St. 1866, after making allowances for the temporary support of the widow and minor children, provided that in the distribution of the residue of the personal property the widow should receive the same share as the child of the intestate. By the enactment of our present statute in 1907 (laws 1907, ch. 49; Comp. St. 1911, ch. 23, sec. 176) it is provided that the residue of the personal estate shall be distributed the same as real estate. So that before the act of 1907 the widow inherited personal property as one of the children, but by that act, when the husband or wife died, the survivor has an interest in the property of the deceased by virtue of the marriage relation. By the present act the share of the property of the intestate which is taken by the surviving husband or wife is definitely fixed. By the first subdivision of section 1, ch. 23, Comp. St. 1911, if the surviving husband or wife is not the parent of all the children of the decedent, he or she takes one-fourth part of the intestate's estate, but by the second and third subdivisions, if the survivor is the parent of all the children of the decedent, and there be two or more children,

or one child and the issue of one or more deceased children, the survivor takes one-third, but if there is only one child or the issue of a deceased child, one-half, and the survivor, if the parent of all of the children of the decedent, also takes one-half if there is no child surviving nor the issue of any deceased child. Under these provisions the surviving spouse is given absolutely one-fourth of the estate when not the parent of all of the children of the decedent, and that part of the estate of the decedent that may be diverted from the line of his or her descendants is limited to one-fourth, and this perhaps would furnish a reason for providing that if a child of the decedent, who has inherited a part of his or her estate, dies under age and unmarried, its share shall go to the other children of the decedent.

The seventh subdivision of section 2, above quoted, provides for escheat to the state when there is no one to inherit. The first four subdivisions provide generally for all cases where there is no surviving husband or wife. These four subdivisions are followed by "Provided, however," and are all limited, modified and explained by the proviso contained in the next two subdivisions, which complete the subject of the distribution of intestate estates when there is any one to inherit them. These two subdivisions are connected by the words "such child" in the sixth, and together compose one provision limiting all that part of the section which they follow and of which they are a part. The second subdivision, "If the deceased shall leave no issue, the estate shall descend to the father and mother of the deceased or to the survivor of them," is limited by the proviso, and is only operative when the conditions specified in the proviso do not exist.

This construction of the statute is necessary for another reason. If the fifth and sixth subdivisions of the section had been enacted independently, and not as a proviso, they would be special provisions applying to special circumstances not provided for or mentioned in the general provision for the descent and distribution of property. Gen-

eral provisions that might control in special circumstances and conditions must give way when there are special provisions for those particular circumstances and conditions. The rule of this proviso is very general, and its origin and reason are apparent. The theory is that property should stay on the side of the house from whence it came; it should go to one's descendants, if he has any. If the child reaches maturity it can protect the brothers and sisters in their inheritance. When all of the children of the decedent are also children and heirs of the surviving spouse, and one of the children dies under age and unmarried, if its surviving parent could inherit its share, it would go to all of the children of the decedent at the death of. such surviving parent. In such case the proviso is apparently not necessary, and perhaps would be more logical if its application were limited to cases where the decedent left a child or children, or their issue, not the child or children of the surviving spouse. If some of the children of the decedent are not children of the surviving spouse, they would take no part in such share at the death of the surviving spouse. Therefore, upon the death of such child of the decedent, the property which it inherited from the decedent goes directly to all of the other children of the decedent.

The statute places the share that this infant inherited where it would have gone if she had died before, instead of shortly after, her father. This purpose of the statute is stated by the supreme court of Massachussetts, as follows: "The whole purpose is the descent of intestate estate; and we think the effect is that, where upon the descent of an estate to children, one of them shall happen to die in infancy, that is, at any time before arriving at the age at which, by law, he has the power of disposing of his estate, and before he has by marriage contracted obligations and established new connections which change his relative situation to others, his share of the inheritance, that is, his portion of the intestate estate, for the descent of which this statute is now providing, shall go

just in the same manner as if such child had died in the lifetime of the ancestor, or, in other words, to those who would have taken the same share if such child had not existed. It directs that it shall go to the other children of the parent from whom it came, which it would have done, had the child so dying not been in existence at the time of the decease of such parent. It is rather giving a new destination to that portion of the parent's estate, which has in some measure failed to accomplish the design of the legislature by the premature death of such child, than to provide a new and distinct rule of distribution for such child's own estate." *Nash v. Cutler,* 16 Pick. (Mass.) 491, 499. Their statute (Rev. St. Mass., ch. 61, sec. 1), like ours, contained the provision, among others, that if the decedent "have no issue nor father, the same shall descend in equal shares to the intestate's mother, if any, and to his brothers and sisters, and the children of any deceased brother or sister by right of representation," and the general provisions for the descent of intestate property were followed by a proviso, as in our statute, and the court said that the proviso was "an exception from the generality of the antecedent rule." The supreme court of Michigan follows this decision and quotes from it with approval. *Burke v. Burke,* 34 Mich. 451. Many courts have so construed statutes substantially the same as our own.

In *Estate of De Castro v. Barry,* 18 Cal. 97, the statute being entirely. equivalent to ours, the court said: "The clause in question (our fifth subdivision) provides for a specific and peculiar state of facts; therefore, there is no contradiction between it and the general provisions going before, for these last provide the usual rule, while the latter clause provides the unusual rule, or the rule governing the particular case recited. This is not a contradiction, but only an exception. * * * The meaning being clear, probably it is not very important to inquire into the considerations which moved the legislature to make a different disposition of the property characterized in the seventh clause, and property otherwise coming to

the intestate child. Possibly, the reason was that the legislature considered the husband sufficiently provided for in being allowed an entire third part of the estate of the deceased wife, irrespective of the number of children over one; and that he should not have his portion increased by the circumstance of the death of one of the heirs. The act gave him a defined proportion of the whole estate left at the death of the spouse, leaving the residue for the children; and as this proportion was liberal, and was not diminished by the number of the children, it might well have been considered not unjust to him that that proportion should not be increased by the death of any one or more of them." Our statute, as we have already seen, suggests the same reasons.

In *Estate of Donahue,* 36 Cal. 329, the former holding of the court is not questioned, but it was held that if the estate came to the deceased child by devise the statute did not apply. See, also, *Sheffield v. Lovering,* 12 Mass. *489; *Goodrich v. Adams,* 138 Mass. 552; *Runey v. Edmands,* 15 Mass. *291.

The defendant relies upon *Rice v. Saxon,* 28 Neb. 380, *Gwyer v. Hall,* 34 Neb. 589, and *Shellenberger v. Ransom,* 31 Neb. 61, rehearing, 41 Neb. 631. In *Rice v. Saxon, supra,* the husband died leaving two children and a widow, who was the parent of one of the children, a son, the other being a child of a former marriage. The son died unmarried and without issue, and it was held that the estate which he inherited from his father "descended in equal proportions to the mother and sister of said son."

In *Gwyer v. Hall, supra,* when Mr. Hall died, he left a widow, and afterwards a son was born. Mr. Hall left no other children or issue of any deceased child. Therefore the statute that we are now construing had no application, and the mother inherited from her son under the fourth subdivision of section 30 of the decedent law, as it existed under the Revised Statutes of 1866.

In *Shellenberger v. Ransom, supra,* when Mrs. Shellenberger died she left two children, who were also the chil-

dren of Mr. Shellenberger. She left no other children, and when one of those children died it was held that, under the ordinary operation of the statute, Mr. Shellenberger would inherit the estate which his child had inherited from its mother; but this decision was expressly overruled in *Veeder v. McKinley-Lanning Loan & Trust Co.*, 61 Neb. 912, in which it was said: "It also appears from the record that at the time of the death of the owner of the land in controversy she left surviving her two children, the appellant and one other, who soon thereafter and in infancy died. Under the provisions of the sixth subdivision of section 30, chapter 23, Compiled Statutes, entitled 'Decedents,' the surviving brother succeeded to the inheritance of all the real estate of the deceased parent, subject only to the life estate of the father as tenant by curtesy. *Burke v. Burke*, 34 Mich. 451; *Runey v. Edmands*, 15 Mass. *291; *Estate of De Castro v. Barry*, 18 Cal. 97. We are aware that the view thus expressed is not in harmony with the opinion in *Shellenberger v. Ransom*, 31 Neb. 61, and same case on rehearing, 41 Neb. 631. In that case, however, this provision of the statute was entirely overlooked; and, in the face of the plain statutory enactment, the case can no longer be considered authority." The case of *Rice v. Saxon, supra*, was decided under section 30, ch. 23, Comp. St. 1887, which was substantially changed by the act of 1907. It was substantially the same as the decedent law of the Revised Statutes of 1866. At the time it was first enacted the surviving spouse took only a life estate in the property of the decedent. Afterwards the rights of the wife were enlarged and she was allowed to take as a child of her deceased husband. The provision of that section of the Compiled Statutes of 1887, above cited, in that regard also "provided that if she shall have a mother also she shall take an equal share with the brothers and sisters." This language may have led to the supposition that she must be regarded as a child of the decedent and inherit accordingly. There is no discussion of the question in the opinion, and we are left in the dark

as to the reasoning of the court. The subdivision of our statute which controls in case the decedent leaves children and one of such children dies in infancy and unmarried was not construed, and apparently not considered, and that case must be distinguished from the case at bar or regarded as overruled by the opinion in *Veeder v. McKinley-Lanning Loan & Trust Co., supra,* which expressly overrules *Shellenberger v. Ransom, supra.*

The infant, Jeanette, having died "under age and not having been married," all the estate that came to her by inheritance from her father goes to this plaintiff, his surviving child.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.