## GEORGE LINDNER v. MARTIN W. BROCK.

*Evidence in mitigation of damages in action on replevin bond— Adjudication in bankruptcy between attachment and execution.*

A sheriff is not damnified by proceedings against him in replevin for property in which he holds no special interest.

A sheriff suing on a replevin bond is equitably entitled to not more than will indemnify him.

An attachment is dissolved by an adjudication and assignment in bankruptcy within four months of its issue.

A sheriff has no special interest in attached property as against the debtor's assignee in bankruptcy appointed before execution issued in the attachment case, and as between him and the assignee, he should surrender possession to the latter.

Under Comp. L., § 6766, which permits defendants in a suit on a replevin bond to show in mitigation of damages the extent of plaintiff's special interest, it is *held* admissible, in an action by a sheriff on a bond conditioned for the return of property which he had held under attachments, to show that the attachment debtor had been adjudged bankrupt and an assignee had been appointed for him, before execution had issued in the attachment cases. Such evidence does not dispute, but admits the debtor's title, and the sureties are not therefore estopped from giving it.

Sureties in a suit on a replevin bond conditioned to return property that had been held by the sheriff under attachment, may show in mitigation of damages that the demand on which the attachment was taken out, had been afterwards paid.

Sureties on a replevin bond are not parties to the action in replevin and have no control over it.

Defendants in a suit brought by the sheriff on a replevin bond may show that after the property had been taken from him he had seized and sold part of it on other writs.

Whether a sheriff, after attaching property whose owner was adjudged bankrupt before execution issued, could then seize it on other writs, is a question between him and the attaching creditors and assignee in bankruptcy.

Error to Bay. Submitted April 11. Decided April 22.

Assumpsit on replevin bond. Defendant brings error.

*Lindner & Porter* and *A. C. Maxwell* for plaintiff in error.

*Holmes, Collins & Stoddard* for defendant in error. A judgment in replevin binds the parties, and in an action on the bond it binds the sureties so far as concerns any such defense as that the owner of the goods became bankrupt before judgment in replevin (*Warner v. Matthews*, 18 Ill., 83; *McMurchy v. O'Hair*, 67 Ill., 242) or that the sheriff had retaken part of the goods, *Buckmaster v. Beames*, 9 Ill., 443; when property is unlawfully replevied from a sheriff it must be returned to him for the benefit of any one who has a right to it, *Dawson v. Wetherbee*, 2 Allen, 461; *Kimball v. Thompson*, 4 Cush., 441; *Quincy v. Hall*, 1 Pick., 359; *First Nat. Bank v. Crowley*, 24 Mich., 500; *Gould v. Warner*, 3 Wend., 54.

Cooley, J. One Hogan brought replevin to recover from Brock the possession of certain personal property, appraised at something over $3,000. The property was taken on the writ, and delivered to Hogan on his executing and delivering to the officer the statutory replevin bond, in which Lindner, the plaintiff in error, was one of the sureties. Brock was at that time the sheriff of Bay county, and the writ of replevin was executed by the coroner. The sureties in the replevin bond were

excepted to, and failed to justify, and Hogan offered no other bond. This under the statute entitled Brock to a discontinuance of the suit, and he took judgment accordingly, electing to have a return of the property. A writ *de ritorno* was issued on this judgment, on which the coroner was able to find and return a part of the property only. The replevin bond was thereupon assigned to Brock, who brought suit upon it.

On the trial, after plaintiff had made a *prima facie* case, the defendants offered to show that plaintiff, when the goods were replevied, held them as sheriff under attachments against George E. Smith, and not otherwise; that the attachments were all issued after September 1, 1877; that on November 26, 1877, Smith filed his petition in bankruptcy in the District Court of the United States for the Eastern District of Michigan; that on the 30th of that month Smith was adjudged a bankrupt, and on the tenth day of December following an assignee in bankruptcy was duly appointed, and an assignment made to him; that all this took place before any execution was issued in the attachment cases. This offer was objected to, and ruled out.

Had the evidence been given, it would have shown that at the time this suit was brought the sheriff, as against the assignee, had no special interest whatever in the goods; the attachments being dissolved by the adjudication in bankruptcy and assignment within four months of their issue. Rev. Stat. of U. S., § 5044. The evidence would thus have shown that the sheriff had never been damnified by the proceedings in replevin, and that as between himself and the assignee in bankruptcy, he should surrender to the latter the possession of the goods replevied. It would thus have been made manifest that there could be no equity in any recovery by him in this suit.

It is insisted, however, that under previous decisions of this court, the evidence was not admissible. *Dorr v. Clark*, 7 Mich., 310, and *Williams v. Vail*, 9 Mich.,

.162, are particularly referred to. In *Dorr v. Clark* it was decided that the sureties in a bond given to obtain release of property from an attachment, admit by giving the bond the title in the attachment debtor, and cannot be allowed in a suit on the bond to dispute it. A similar ruling was had in *Williams v. Vail*, in an action on a replevin bond. But the evidence offered here did not question the title of Smith, but admitted it. It was therefore in no sense inconsistent with any admissions of the sureties implied in giving the bond.

Had the demands for which attachments were taken out been subsequently paid, it would clearly have been admissible for these sureties to show the fact in mitigation of damages in a suit on their bond. The sheriff is equitably entitled to nothing beyond what would indemnify him; and in that case he could have lost nothing. But if the attachments were dissolved by bankruptcy proceedings the case is not different. In either case the sheriff is not damnified.

We think the proposed showing was clearly within the equity of the statute (Comp. L., § 6766) which permits defendants in suits on the replevin bond to show in mitigation of damages the extent of the plaintiff's special interest. They proposed to show in this case that the special interest had wholly ceased.

There is nothing in the objection that, as the assignment in bankruptcy took place before the judgment in replevin, this defense ought to have been made in the replevin suit. The sureties in the bond were not parties to that suit, and could have no control of it.

Defendants also offered to show that some portion of the replevied property which the coroner had been unable to return on the writ *de ritorno* had been seized by the sheriff himself on other writs against Smith, and sold to satisfy them. This offer we also think was improperly overruled. The sheriff cannot compel these defendants to respond in damages for failure to restore to him what he has already possessed himself of.

Whether he had a right to sell the goods on other writs is a question to be settled between him and the attaching or judgment creditors, and the assignee in bankruptcy.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.