WILLIAM L. RYAN v. HEALEY C. AKELEY ET AL.

*Replevin bond—Evidence to reduce the judgment in the replevin suit.*

Where property attached was replevied by a third party, and the defendant in replevin took judgment by default, it was *held* that as against the plaintiff the judgment showed that the defendant in attachment had a leviable interest that would bind him and his sureties in an action on the replevin bond.

Comp. L., § 6766 providing that in an action on the replevin bond the defendants may show that the obligee had only a special property, only applies where the obligee has taken judgment for a return of the property, and sues on the bond to recover its value; and it cannot apply where the value is not sued for.

The plaintiff in replevin suffered judgment by default, and the defendant waived return and had his damages assessed. *Held* that in suing on the replevin bond, the defense could not introduce evidence in reduction of the judgment in replevin, as allowed by Comp. L., § 6766, in cases where judgment had been taken for a return.

Error to Ottawa. Submitted Jan. 13. Decided Jan. 20.

REPLEVIN. Plaintiff brings error.

*Smith, Nims, Hoyt & Erwin* for plaintiff in error. Judgment in replevin determines the rights of the parties, and is conclusive as to defendant's special interest, *Williams v. Vail*, 9 Mich., 162; and the defendant in a suit on the bond cannot show in mitigation of damages that the right to the property was in the plaintiff in the replevin case, Field's Damages, § 83; *Cumberland C. & I. Co. v. Tilghman*, 13 Md., 84.

*Akeley & Farr* for defendants in error.

CAMPBELL, J. This is a suit on a replevin bond. One William R. Bowes sued out a writ of replevin from the circuit court for the county of Muskegon against Ryan to recover certain bark which Ryan had levied on by virture of attachment proceedings against Philip A. Wooley. The case went against Bowes by default, and

Ryan's right was ascertained as a lien under these attachment proceedings, and judgment went in his favor for $381.30 for damages and·costs. The proper steps having been taken to authorize suit on the replevin bond, a defense is set up denying Wooley's title to the property levied on.

The court· below allowed evidence to show that Wooley took this bark as a trespasser from lands of other persons, Bowes being alleged to be owner of a part, and certain other persons of other parts. The jury were directed that if this was shown it was a sufficient defense· to defeat the action on the bond, and that it was not necessary to show that the sureties in the bond had any interest in the property.

It is very doubtful whether there was any sufficient evidence to show the interest of Bowes. But assuming that there was such evidence, we do not think the defendants were in any position to set it up.

The title of Wooley, as sufficient to authorize a levy as against Bowes, was certainly determined as against Bowes by the verdict and judgment in the replevin suit, so to bind him and his sureties on this record, whatever may have been the facts which he failed to show in that controversy. The statute (Comp. L., § 6765) makes the amount of the judgment in such cases the measure of recovery under the replevin bond, unless modified by § 6766. That section provides that in an action on a replevin bond for the deliverance of any property the defendants may show in mitigation of damages that the obligee had only a lien or special property or part ownership at the commencement of the replevin suit, and' that the defendants, or either of them, had a part ownership or some interest therein, and if the obligee's interest is less than the value of the whole property replevied a corresponding deduction shall be made from such value.

This latter section it is quite evident only applies to cases where the obligee in the replevin bond has taken judgment for a return of the property, and sues on the

bond to recover its value. It cannot apply to a case where the value of the property is not sued for. The statute in most cases allows a defendant prevailing in replevin to waive a return and have an inquiry into his damages, and when this is the case, his interest is ascertained and his true damages assessed. Comp. L., §§ 6754, 6759.

In the case before us a return was waived, and an inquiry had into the special property of Ryan. Upon that inquiry, as already suggested, the whole merits of his claim were open to investigation, and his rights became fixed against Bowes by the verdict and judgment. That being the case, section 6765 makes the same amount the measure of damages on the replevin bond, and no other statute provision changes or affects this rule.

In *Lindner v. Brock*, 40 Mich., 618, which was supposed by defendants in error to countenance the rulings below, the sheriff took judgment of return, and a writ *de retorno habendo* was issued and returned partially unsatisfied, and suit brought on the bond for the value of the property not returned. It was thus brought distinctly within section 6766.

The court erred, therefore, in allowing proof to be given in reduction of the judgment in replevin. The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.