AUGUSTUS JACOBSON v. JOHN A. J. METZGAR, WILLIAM G. WHITE, NATHANIEL WHITE AND FRANK HIBBARD.

*Replevin bond—Defense to action.*

If the pendency of bankrupt proceedings invalidates a levy, they should be shown in an action of replevin to recover the value of the goods levied on, and not withheld to be be litigated in proceedings relating to the replevin bond.

One who replevies property transferred to him in fraud of creditors, and levied upon accordingly, cannot after suffering judgment in replevin enjoin a suit on the replevin bond, on the ground that the debtor had made a composition with creditors and thereby recovered his assets.

Appeal from Clinton.    Submitted April 20.    Decided April 28.

INJUNCTION.    Defendants appeal.

*Simonds & Fletcher* for complainant.

*Pealer & Andrews* for defendants.

CAMPBELL, J.    This is a bill to prevent proceedings to enforce a replevin bond.    Metzgar as sheriff of the county of St. Joseph levied an execution in favor of the other defendants against Jacob Jacobson and Bennett Jacobson upon property in complainant's possession, which complainant claims was his, but which the sheriff claimed as liable on the execution.    It is evident from the testimony that the property had been transferred to complainant under circumstances supposed to be fraudulent as against creditors.

This levy was made May 25, 1874.    On the same day the execution debtors were declared bankrupts in proceedings commenced against them in the preceding January.    In June, 1874, the law was amended providing for compositions, and in October, 1875, a composition was ratified by the legal number of creditors, and the assignee subsequently relinquished the assets.    The assignee had done nothing to set aside the transfer to complainant.

On May 26, 1874, complainant replevied the property from Metzgar, and gave the bond now in controversy. The replevin suit was tried, and judgment rendered in favor of Metzgar for $403.66, on the 5th of November, 1875.    The register in bankruptcy reported the compromise on the 11th of November.    A suit seems to have been brought by the execution debtors in the Grand Rapids Superior Court in equity for the same purpose as the present bill, and to have been dismissed.

The court below regarded complainant as entitled to the relief prayed, as a matter of equity.

If there was any objection to the levy of the execution against the judgment debtors, it was because the bankruptcy proceedings were pending, and not because of the subsequent composition. This defense, therefore, existed when the replevin suit was tried, and should have been set up then to avoid the levy. If complainant is right in claiming that the levy was bad, such proof would have prevented the officer from establishing any right under it, and could not have made out the special interest on which we must presume he recovered. The recovery here was not for the property replevied, but for money, and we held in *Ryan v. Akeley* 42 Mich. 516, that in such a case the special property must be determined on the hearing of the case, and not postponed until subsequent litigation. If Metzgar's levy was invalid, then was the time to litigate it.

We have found nothing to indicate that complainant could thereafter question it. Neither is it apparent to us how any one else can put him in any worse position should he pay the bond. The assignee may no doubt assail fraudulent transfers made by bankrupts, but when the bankrupt himself by means of a composition gets back his assets, he certainly does not thereby get a right to avoid his own transfers for his own fraud. The bankrupt law has made no such absurd provision.

The finding in the replevin suit determined that complainant had no honest title to or interest in the goods replevied, and that as against creditors his title ought not to stand. If his bill is true, there are now no other creditors who are interested in pursuing the property. The defendants are only getting payment of a just debt by the enforcement of the bond, and complainant is only compelled to render to them what he wrongfully withheld from creditors of the judgment debtors. We can see no equity in his complaints.

The decree should be reversed and bill dismissed with costs of both courts.

The other Justices concurred.