STEPHEN PEARL v. HORATIO GARLOCK AND ELDORUS GAR-
LOCK.

*Replevin—Discontinuance by plaintiff and judgment for return of property
—In suit on bond for failure to return, defendants may show that the
plaintiff in replevin owned the property—Damages recoverable in such
a suit depend on the nature of defendant's right to the property—Or the
character in which he held it—Action of replevin does not necessarily
determine title to the property—Is a possessory action—Judgment in,
where there is no assessment of damages, merely determines right of pos-
session at the time—Is not inconsistent with recovery of property by de-
feated party under changed circumstances—If rendered on waiver of
return for value, all proper questions must be litigated on assessment of
damages.*

1. The plaintiff in a replevin suit discontinued the same after issue
joined, and judgment for a return of the property was rendered in
favor of the defendant, whose assignee brought suit on the bond, an
execution for such return having been returned unsatisfied. On the
trial of this suit the sureties offered to show by way of defense that
their principal was the owner of the property at time it was replevied,
and was still such owner, which offer was rejected.

   *Held,* that the court erred in ruling out the proposed testimony of
   ownership.

2. The damages recoverable in a suit upon a replevin bond for the non-
return of the property replevied, pursuant to a judgment therefor
rendered on plaintiff's discontinuance of the original suit, depend
upon the *nature* of defendant's *right* to the property, or the *character*
in which he *held* it.

3. An action of replevin is a possessory one, and does not necessarily deter-
mine the title to property. It may fail because of the plaintiff's
failure to show his right to its possession, or because the defendant
is shown not to have wrongfully withheld it; also for lack of demand
in some cases, as well as for lack of substantial right.

4. A judgment in replevin, where there is no assessment of damages,
merely determines the right of possession at the time, and is not in-
consistent with the right of the defeated party to recover it back
under a change of circumstances. *Deyoe v. Jamison,* 33 Mich. 94.

5. Where a judgment in replevin is rendered on a waiver of a return
for the *value* of the property, all proper questions must be litigated
on the *assessment* of *damages,* and are not afterwards open. *Williams v.
Vail,* 9 Mich. 162; *Ryan v. Akeley,* 42 Id. 516.

Error to Clinton. (Smith, J.) Argued May 7, 1886. Decided May 12, 1886.

Action on replevin bond. Defendants bring error. Re-versed. The facts are stated in the opinion and summarized in head-note 1.

*H. J. Patterson*, for appellants :

The judgment determined nothing respecting the title to the property, and if it had been returned on the execution the plaintiff might have shown his right to it in another action. Such failure to return was only a technical breach of the condition of the bond, and if plaintiff owned the property the damages in a suit on the bond would be nominal: *Wallace v. Clark*, 7 Blackf. (Ind.) 298 ; *Stockwell v. Byrne*, 22 Ind. 9 ; *Wiseman v. Lynn*, 39 Id. 250 ; *Belt v. Worthing-ton*, 3 Gill and Johnson, 247 ; *Davis v. Harding*, 3 Allen. 302.

*Cook & Daboll*, for plaintiff :

The justice had jurisdiction of the parties and subject-matter in the replevin suit, in which the plaintiff had full opportunity to litigate his claim to the property on the merits. He failed to do so and withdrew his suit thus renoun-cing all claim in court, and the judgment was the same as if on the merits, and a bar to a subsequent action involving the same question : Freeman, Judgments, § 261 ; 3 Blackstone's Com. 296.

A party cannot litigate matters which he might have inter-posed, but failed to do, in a prior action between the same par-ties or their privies, involving the same subject-matter: Wells on Res Adjudicata, § 251 ; *Hackworth v. Zollers*, 30 Iowa, 433 ; *Hites v. Irvine*, 13 Ohio St. 283 ; *Le Guen v. Gouverneur*, 1 Johns. Cases, 435 ; *Gray v. Dougherty*, 25 Cal. 266.

Where a plaintiff suffers a voluntary dismissal or non-suit, and judgment for a return is awarded, the defendant in a suit on the replevin bond cannot, either in bar or mitigation of damages, show property in the plaintiff in the replevin suit : *Clark v. Howell*, 3 Col. 564. See, also, *McMurchy v. O'Hair*, 67 Ill. 242.

CAMPBELL, C. J. Pearl, as assignee of Henry Stark, sued defendants on a replevin bond given to Stark, as defendant, in a suit brought by Eldorus Garlock for a horse. The suit hav-

ing been discontinued, Stark took judgment for a return, and issued an execution, which was returned unsatisfied. Stark assigned all his interest to Pearl.

Upon the trial of the suit upon the bond, defendants, by way of defense, offered to show that Eldorus Garlock, the principal defendant, was the owner of the horse. The court refused to admit this testimony, and held that the title to the horse was settled in the replevin suit, and plaintiff was entitled to a judgment for its full value, which was assessed by the jury at $45.

The court also refused to submit to the jury a question whether the horse was owned by Stephen Pearl when he took it away from Garlock; but as there is nothing in the record to show how this question came into the case, while it may have been important, it is not shown to be so, and we cannot hold the refusal erroneous.

We think the court erred in ruling out the testimony of ownership. It has been held several times that where a judgment has been rendered on waiver of return for the value of the property, all proper questions must be litigated on the assessment of damages, and are not afterwards open. *Williams v. Vail*, 9 Mich. 162; *Ryan v. Akeley*, 42 Mich. 516. And so, when a third person, without any interest of his own, replevies from an officer, and return is awarded, the latter may sometimes, if not always, have judgment for the entire value, and may become entitled to hold it for the parties in interest: *First Nat. Bank v. Crowley*, 24 Mich. 492. And a defendant in replevin, from whom property is unlawfully replevied, may have a claim for damages on similar principles, even though not personally owning the property: *Burke v. Burke*, 34 Mich. 451.

But in the present case the record does not show by what right Stark was, or claimed to be, in possession of the property when replevied from him. He may or may not have been in a position to have the full value of the horse, or the horse itself, restored to him. His damages for non-return must have depended upon the nature of the right which he possessed, or the character in which he held it.

An action of replevin does not necessarily determine title.

It is a possessory action, and may fail either because the plaintiff shows no right of possession, or because the defendant is not shown to have wrongfully·withheld it.[1]  It may fail for lack of demand in some cases, as well as for lack of substantial right.  In *Deyoe v. Jamison,* 33 Mich. 94, it was held that a judgment in replevin, where there is no assessment of damages, merely determines the right of possession at the time, and is not inconsistent with the right of the party defeated to recover it back afterwards under change of circumstances. In that case a vendor, upon a partial default of payment, recovered possession of the property sold, on which he retained a lien.  Afterwards, upon tender of the debt, it was held the vendees could replevy it back.  Had Stark got back the horse on his judgment of return, there is nothing in the record to show that Garlock could have had no right to reclaim the animal on some conditions; and if owner, he probably would have had.

There is no reason why the defendant in replevin should, upon the replevin bond, recover any more than his legal damages.  If he had merely a possessory or partial interest in the horse, and was in no position to hold the entire interest for some one else, then he should not recover the full value. The offer to show ownership was entirely proper.  The court excluded it on the ground that, by the judgment for return, it was determined that Stark owned the horse.  This was not the effect of the judgment.  That merely found that plaintiff had no right to seize the horse on replevin from Stark at the time and in the manner shown.  We have no means of knowing under what circumstances this was done.  We think the relative rights of both parties could be examined, and while some recovery should be had upon the bond, its extent must be measured by the facts to be shown.

The judgment must be reversed, and a new trial granted.

SHERWOOD and MORSE, JJ., concurred.  CHAMPLIN, J., did not sit.

---

[1] See *Barnes v. Gardner,* 60 Mich. 133; *Aber v. Bratton,* Id. 357; *Gildas v. Crosby,* 61 Id. 413.