## SABRA E. TREADWELL v. CHARLES E. PADDOCK.

*Replevin—Waiver of return of property—Assessment of damages.*

1. On an assessment of damages in a replevin suit, on waiver of a return of the property, the *true* condition of the title may be shown.

   So *held*, where a wife replevied property from an officer who had levied upon the same as belonging to her husband, and sought on such assessment to show her title to defeat the alleged *special* interest of the defendant.

2. On an assessment in a replevin suit, on a waiver of a return of the property, all questions concerning the amount recoverable by the defendant must be settled, which assessment becomes the conclusive measure of liability in a suit on the bond. *Ryan v. Akeley*, 42 Mich. 516.

Case made from Ingham. (Peck, J.) Argued June 6, 1889. Decided June 14, 1889.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Smith & York,* for appellant.

*E. D. Lewis,* for defendant.

CAMPBELL, J. The record in this case shows that plaintiff replevied from defendant a wagon which defendant, as deputy-sheriff, had taken on an execution issued against plaintiff's husband. The property was taken on the writ of replevin and restored to plaintiff, but, by reason of a failure by the officer who served the writ to deliver a properly certi-

fied copy to defendant, the case was dismissed, and judgment of discontinuance entered. Defendant waived a return, and claimed an assessment of damages. Upon the assessment plaintiff offered to show the condition of the title as belonging to her, so that the special interest claimed by defendant amounted to nothing, on account of the levy being made on property not belonging to the execution debtor. This the court below refused, and allowed judgment for the full value of the property in favor of the defendant officer. Plaintiff brings error.

As the only question in the case comes within former decisions of this Court, no full discussion is required.

Where judgment of discontinuance is rendered, the defendant has the choice of claiming a return, or waiving it and taking a personal judgment for the value of his interest. When a return is claimed it does not enlarge his actual right, or put him in any better position than if no replevin had been brought. If he had no valid claim, the return gives him none; and if, in this instance, he had become a trespasser by taking plaintiff's property to pay the debt of another person, he would have no claim against it. Accordingly it has been provided by statute that the true interest may be shown in case suit is brought on the replevin bond.[1] No greater interest can be gained by waiving a return.

In *Ryan v. Akeley*, 42 Mich. 516 (4 N. W. Rep. 207), the defendant, as in the present case, had waived a return and procured an assessment of damages. Upon suit on the bond the plaintiff in replevin sought to reopen the question of damages, and controvert the defendant's claim as unwarranted in fact; but it was held that all questions concerning the amount recoverable by defendant must be settled on the original assessment, which became the conclusive measure of liability. That case decides this. It has been recognized in

---

[1] How. Stat. § 8354.

several later decisions, most of which were referred to on the argument.

Very frequently, as in the present case, the cause goes down for some informality for which the plaintiff is not to blame. The primary purpose of the action is to settle the possessory right, which does not necessarily involve more. But if the defendant chooses to change the primary issue into one of pecuniary interest, it would be grossly unjust, and the statute does not provide, that any more shall be awarded defendant than he is justly entitled to.

Plaintiff should have been allowed to show the facts insisted on.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.