Wilson, J.
This was an action of debt commenced in a justice court, in wbicb judgment was rendered by default. Thereafter, and in proper time, defendant appealed to tbe county court, in which court tbe record of tbe appeal was lodged on May 3. May 20 was set for tbe trial. On this day both parties appeared in court by their counsel, and both waived a jury and consented to a trial by tbe court. After this, but before the calling of witnesses, defendant’s counsel gave notice, ore *291 terms, that he would object to the jurisdiction of the court, for the reason that the defendant did not reside before, or at the time of. the bringing of the suit, in the township or precinct of the justice, and that the cause of action did not accrue in such precinct or township. No evidence was tendered or heard in behalf of this objection, nor did the defendant in any manner limit his appearance to a special appearance. After some discussion between counsel, the plaintiff’s counsel contending that if any objection to the jurisdiction existed, it had been waived by defendant, the court of its own motion suggested that it would postpone the consideration of the question until after some evidence had been heard. Trial then commenced on the merits, plaintiff offering his witnesses, and the defendant cross-examining them upon all subjects upon which they testified. At the conclusion of the tes timony in behalf of plaintiff, the defendant moved the court for a nonsuit and dismissal of the action on two grounds: first, that plaintiff had failed to make out a case against the defendant, and that suit had been brought in the name of the wrong party plaintiff; second, that the court had no jurisdiction of the defendant for the reasons above suggested.
It is conceded the evidence shows that the defendant did not reside in the precinct or township of the justice, and that the cause of action did not accrue within such township or precinct. Clearly, then, the justice was originally without jurisdiction, and the defendant was entitled to dismissal of the action on.this ground in the county court, unless he had waived his right to object. It is well settled in this state that where a justice has jurisdiction of the subject-matter of the suit, as was the case in this instance, the right to a dismissal on the ground that the justice has no jurisdiction over the person of the defendant because of his residence in another precinct or township, is a personal privilege, which may be waived by the defendant. Railroad Co. v. Roberts, 6 Colo. 333; Hardenbrook v. Harrison, 11 Colo. 9. If the defendant made a general appearance in the county court, he waived his right of objection to the jurisdiction, and ordinarily, where *292 the defendant appears, as in this case, and fails to state that he appears specially only for the purpose of relying upon and assailing the want of jurisdiction, this is a general appearance. Further than this, however, before even suggesting any want of jurisdiction, the defendant waived a jury, and consented to a trial by the court. In addition to this, he cross-examined the witnesses of the plaintiff. This he might have done, possibly, without any waiver of his right to attack the jurisdiction, if he had limited the cross-examination to those facts which were essential to establish the jurisdiction or want of it, but it appears from the record that he cross-examined the witnesses both as to the merits and as to the jurisdictional facts.
Whatever doubts there might have been, however, as to his waiver of his right to object to jurisdiction by these acts, they were entirely removed when he undertook, as he did, to couple in the same motion in which he asked for a dismissal for want of jurisdiction, a motion for a nonsuit, because the plaintiff had failed, to make out a case on the merits. This was unquestionably a general appearance, and a waiver of all of his rights to ask for a dismissal by reason of want of jurisdiction. Where a defendant alleges and submits to the court matters that are nonjurisdictional, he recognizes the general jurisdiction of the court, and waives all irregularities which may have intervened in bringing him into court. Frazier v. Douglass, 57 Kan. 811. This decision is in full accord with the doctrine as announced in Colorado in numerous cases. If the defendant desired to avail himself of his persona] privilege, it was his duty to rest upon it, and upon that alone. A party cannot be permitted to blow hot and blow cold at the same time. By this motion the defendant virtually said to the court: “ The plaintiff has failed to make out his case upon the merits, and I therefore ask for a dismissal and a judgment in my favor. If you refuse, I then insist upon my right to a dismissal because you have no jurisdiction. You have jurisdiction if your judgment be against the plaintiff, but you have none if it be against me.” *293 Such a course of practice cannot be sustained. By his motion for a nonsuit, he made a' general appearance and waived all right to object to the want of jurisdiction of his person. Railroad Co. v. Caldwell, 11 Colo. 546.
Even where an appearance is in terms a special appearance, it will operate as a general appearance and confer jurisdiction over the person, if the court is asked to determine questions touching the merits. Gans v. Beasley, 4 N. Dak. 140.
The court denied the motion for a nonsuit, and took under advisement the jurisdictional question. ■ Thereafter, the motion was sustained, and the cause dismissed for want of jurisdiction. In this, for the reasons above stated, the court was in error, and the judgment will be reversed.

Reversed.