137    5
f141 1 43

## CLUTE *v.* EVERHART.

1. COURTS—JURISDICTION—WAIVER.

    Objections to the jurisdiction of the court over the person of defendant are waived by pleading the general issue and going to trial on the merits.[1]

2. REPLEVIN—POSSESSION—QUESTION FOR JURY.

    Where certain turkeys were shown to have been shut up by defendant before the issuance of a writ of replevin therefor, and defendant's testimony tended to show that he had let them out, and that they went towards plaintiff's residence, and plaintiff's testimony tended to show that they never came home, defendant was not entitled to a directed verdict on the ground that the property was not in his possession at the time the writ issued.

3. SAME—WAIVER OF RETURN—DAMAGES.

    A defendant in replevin who was not the owner of the property, nor entitled to its possession, and who waived a return, and defended on the ground that he did not have possession at the time the writ issued, was not entitled to a judgment for its value.

Error to Cass; Carr, J. Submitted April 5; 1904. (Docket No. 127.) Decided June 25, 1904.

Replevin by John Clute against Charles Everhart. From a judgment for plaintiff, defendant brings error. Affirmed.

*Walter C. Jones*, for appellant.

*Cassius M. Eby* (*F. W. Knowlen*, of counsel), for appellee.

HOOKER, J. The statement of facts contained in the brief of plaintiff in error (defendant below) alleges that Clute, the plaintiff below, filed an affidavit for the replevin

---

[1] Act No. 310, Pub. Acts 1905, permits such questions to be reviewed on error after final judgment.

of some turkeys, of the value of $15, with a justice of the peace, on the 11th of November, 1902, but that a proper bond was not filed at that time. The writ was issued, but no return was made. On the return day, November 17th, the defendant moved to dismiss the writ. This was done, and the justice made an order that the property replevied be returned to the defendant. The turkeys taken, viz., nine, were not returned, but remained in the hands of the plaintiff, to whom the officer had delivered them. Defendant states that nine of the turkeys were seized and delivered to the plaintiff, and were never returned to him, and this is not denied in plaintiff's brief. Plaintiff testified that they remained in his possession after such delivery by the officer.

A new affidavit and bond were filed upon the same day, and a writ returnable November 24th was issued. This writ was returned; the return being dated November 17th, being the same day of its issue. Upon the return day, viz., November 24th, the defendant appeared specially and moved to dismiss the suit upon the ground of an improper service; the copy not showing the date of the writ, or the place of its issue, otherwise than in its order for a return. The copy served was attached to the motion, and the date and place of issue were omitted from the blanks therefor.

The docket entry shows that this motion was denied, and that an *alias* writ was issued and served upon the defendant, who was in court; being dated November 24, 1902. This probably means that a copy of the writ issued November 17th was served, as no *alias* writ appears in the record, and in the amended return it is called an *alias* copy of said writ. Judgment was then rendered for the plaintiff, and the defendant took a special appeal to the circuit court. The grounds of the special appeal were:

1. That a true copy of the writ was not served, and therefore that the justice did not acquire jurisdiction in the case.

2. That the justice erred in denying the motion to dismiss.

3. That the court erred in issuing an *alias* writ returnable on the same day that it issued.

4. That, defendant not further appearing, the rendition of judgment by the justice was erroneous.

These points are stated in various ways, but the above is the substance of the irregularities complained of. The justice made no return to the allegations of fact or error contained in the affidavit for special appeal.

In the circuit court the defendant moved to dismiss the writ and to quash the proceedings and assess defendant's damages, and he waived a return of the property. The court found that there was no error in the proceedings before the justice, and overruled the errors on the special appeal. The defendant excepted to this, and four days later the cause was brought on for trial upon the merits before a jury, a verdict and judgment being rendered for the plaintiff, and the case is before us upon a bill of exceptions.

At the opening of the trial the following occurred:

"*Mr. Jones:* In the special appeal, your honor overruling the special appeal and setting the case for trial, and, inasmuch as there has been no plea, I at this time want to file a plea of the general issue, and reserving unto the defendant his rights by exceptions heretofore taken and filed to the court overruling the special appeal."

"PLEA.

[Title of Court and Cause.]

"The above-named defendant, Charles Everhart, comes and demands a trial of the matters set forth in the plaintiff's declaration, reserving unto defendant exceptions heretofore taken in this cause in the court dismissing the defendant's special appeal.

"WALTER C. JONES,
"Attorney for Defendant."

Counsel for the defendant now raises the following questions:

1. The attempted service of the writ did not confer

jurisdiction, and the case should have been dismissed on special appeal.

2. Plaintiff could not maintain replevin for the property which was not in defendant's possession on November 17th, when the writ issued.

3. Plaintiff was not entitled to recover without accounting for the value of the property taken upon the first writ.

4. The plaintiff should not have been allowed to recover, because the title to the turkeys was in another.

5. Verdict should have been directed for the defendant, because the proofs failed to show that the property was in the possession of defendant when the action was commenced.

If it be conceded that the justice acquired no jurisdiction of the defendant, by reason of the defective copy of the writ served, the questions raised by the special appeal were waived by the plea of the general issue interposed at circuit, and the subsequent trial there.  *Manhard* v. *Schott*, 37 Mich. 234; *Dailey* v. *Kennedy*, 64 Mich. 208 (31 N. W. 125); *Improved-Match Co.* v. *Insurance Co.*, 122 Mich. 256 (80 N. W. 1088).

Defendant claims that the evidence conclusively shows that nine of the turkeys were in the plaintiff's possession at the time the second writ was issued, and that it as clearly shows that the other four were not in the defendant's possession at that time, and that it was error upon the part of the circuit judge not to direct a verdict for the defendant in accordance with his request, for the reasons:

" 1. Because the testimony on the part of plaintiff shows that at the time this action, or the one now before the court, was brought, the property was in possession of the plaintiff, and this action will not lie.

" 2. Because there is no evidence in the case that the property in question was ever in the possession of defendant, so far as this case is concerned."

The plaintiff was not entitled to maintain a replevin for property in his own possession, as the nine turkeys were. But this did not entitle the defendant to a verdict, and, unless he is right in his claim as to the four turkeys, the court should not have directed such a verdict. The thirteen

turkeys were shown to have been in defendant's possession previous to the issue of the writ. He testified that he shut up thirteen of them. He offered testimony tending to show that he turned out four of them, and that they went towards the plaintiff's; but they never went home, according to plaintiff's testimony. The question was one for the jury, who found against the defendant. We cannot set aside the verdict upon the ground that a verdict should have been directed for the defendant, for the reason that plaintiff was entitled to go to the jury as to the four turkeys, whether he was as to the nine or not.

The court instructed the jury that the plaintiff could not recover for the nine turkeys, because they were in his own possession at the time the writ issued. The defendant waived a return of the property, and claimed the value. The court left to the jury the question whether the turkeys belonged to him or the plaintiff, and directed them to give him a verdict for the value of such as belonged to him. There would be no justice in giving him a verdict for the value of plaintiff's turkeys upon no other ground than that he did not have possession of them when the suit was begun. There was no substance to the claim that plaintiff could not maintain his suit because the turkeys belonged to his wife. The jury must have found that the plaintiff was the owner and entitled to the possession of this property, and that defendant was not. Under such circumstances, defendant was not entitled to a verdict for the value of plaintiff's property. *Treadwell* v. *Paddock,* 75 Mich. 286 (42 N. W. 820); *Pearl* v. *Garlock,* 61 Mich. 419 (28 N. W. 155, 1 Am. St. Rep. 603).

The judgment is affirmed.

The other Justices concurred.