### McCALL v. VAN DUSEN.

JUSTICES OF THE PEACE — SPECIAL APPEAL — JURISDICTION — WAIVER.

This court will not review alleged error in dismissing a special appeal from justice's court, where, subsequent to the dismissal, appellant went to trial on the merits on general appeal.

Error to St. Clair; Law, J. Submitted May 2, 1905. (Docket No. 226.) Decided July 21, 1905.

Assumpsit in justice's court by Thomas McCall and Fred G. Coburn, copartners as McCall & Company, against John J. Van Dusen for goods sold and delivered. There was judgment for plaintiffs, and defendant took a special appeal to the circuit court. There was an order dismissing the appeal, and defendant brings error. Affirmed.

*J. S. Crandell*, for appellant.

*Avery & Walsh*, for appellees.

BLAIR, J. Plaintiffs sued defendant in assumpsit in justice's court. On September 27th, the return day of the summons, the parties appeared and joined issue, the defendant pleading the general issue. Defendant asked for an adjournment to October 17th following, which fact was noted upon the justice's docket, but the docket did not state that this request was granted, nor did it show otherwise the time or place to which the adjournment was ordered. On the 17th of October the defendant did not appear, and the justice corrected his docket, after calling the case, so as to show the time and place of adjournment, and granted a further adjournment on plaintiffs' motion to October 23d, at which time, defendant not appearing, judgment was rendered in favor of plaintiffs. From this

judgment defendant took a special appeal to the circuit court upon the ground that by failing to state seasonably upon his docket the time and place of the adjournment the justice lost jurisdiction of the case. The special questions involved in the appeal were heard by the court, and an order entered dismissing the special appeal, and directing that the cause stand for trial on its merits on general appeal. Subsequently the cause was tried upon the merits before a jury, resulting in a verdict in favor of the plaintiffs, upon which judgment was duly entered. Defendant did not cause a bill of exceptions to be settled, but brings the common-law record to this court for review, relying solely for a reversal upon errors of the court in dismissing the special appeal.

We do not consider it necessary to consider the questions raised by the special appeal, since by previous decisions of this court such questions were waived by going to trial upon the merits. *Clute* v. *Everhart*, 137 Mich. 5.

The judgment is affirmed.

Moore, C. J., and Carpenter, Montgomery, and Ostrander, JJ., concurred.