## HARDING *v.* WESTCOTT.

COURTS; WAIVER OF JURISDICTION; MUNICIPAL COURT.

Where the municipal court in an attachment suit by a landlord against his tenant for rent, after permitting an amendment by the plaintiff substituting for the individual defendant named in the writ a corporation of the same name, and entering judgment against the corporation, set aside the judgment on the ground that the amendment had been inadvertently allowed, and entered judgment against the individual, whereupon the latter appealed to the supreme court

of the District, which court on the trial there refused to require
the plaintiff to state whether he claimed judgment against the
individual or the corporation, and there was verdict and judgment
for the plaintiff, from which the defendant appealed to this court,
it was *held*, affirming the judgment, that the municipal court had
jurisdiction over the subject-matter, and that the defendant, by
taking an appeal to the supreme court, waived his right to object
to the jurisdiction over his person and to claim that the municipal
court, by entering up judgment against the corporation, had dis-
missed the suit as to him. (Citing *Guarantee Sav. L. & Invest.
Co.* v. *Pendleton*, 14 App. D. C. 384.)

No. 2933.   Submitted October 9, 1916.   Decided January 2, 1917.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia on an appeal
from the Municipal Court in an action by a landlord against
his tenant for rent.                                   *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, Horace H. Westcott, plaintiff below, sued out a
writ of attachment against appellant Ella Harding in the mu-
nicipal court of the District of Columbia to recover the sum of
$50 for rent alleged to be due and unpaid. Defendant answered
that she was not indebted, but that the lease was made on behalf
of Ella Harding, Incorporated, a New York corporation. Coun-
sel for defendant made a tender on behalf of the corporation
of $50, but refused to pay the accrued costs. The tender was
refused.

The cause went to trial, and at the conclusion of the evidence,
and before judgment, counsel for plaintiff moved the court "to
amend the writ, pleading, and other papers heretofore filed
in the cause by substituting 'Ella Harding, Inc.,' in the place
of 'Ella Harding,' as the name of defendant." The court grant-
ed the motion, and entered judgment for plaintiff against the
corporation for condemnation of the property or $50 and costs.
Four days later, the court made the following order: "After
argument of counsel and it appearing to the court that the mo-

tion to amend had been inadvertently allowed and judgment against Ella Harding, Inc., inadvertently entered, judgment of June 22, 1914, heretofore rendered, is hereby vacated and set aside, and judgment is hereby given against Ella Harding for $50 and costs."

From this judgment appellant Ella Harding gave an undertaking, with appellant William W. Stewart as surety, and perfected an appeal to the supreme court of the District of Columbia. The case was tried to a jury. After the jury was secured and before evidence was taken, counsel for defendant moved the court to require plaintiff to state whether he intended to claim judgment against Ella Harding individually or against the corporation, basing his motion upon the proceedings in the municipal court. The motion was denied, and the trial proceeded, with verdict and judgment for plaintiff, from which this appeal was taken.

*Mr. Matthew E. O'Brien* for the appellant.

*Mr. Hugh B. Rowland* and *Mr. L. R. Mason* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is unnecessary to pass upon the validity or regularity of the proceedings in the municipal court, since the court had jurisdiction of the subject-matter, and appellant Harding, by prosecuting an appeal from the judgment, submitted herself to the jurisdiction of the appellate court, regardless of her contention that the municipal court, by sustaining plaintiff's motion and entering judgment against the corporation, dismissed the case as to her. It was a judgment against her individually from which she appealed. The municipal court concededly had jurisdiction of the subject-matter of the suit. Appellant personally and by counsel appeared in response to the writ, and took part in the trial which resulted in the judgment appealed to the supreme court. No objection was interposed in the appellate court until the jury had been selected, and this was not

an objection to proceeding to trial. This case is one of which the supreme court of the District could take jurisdiction on appeal from the municipal court. A general appearance by appeal and to the merits by appellant waived all defects in acquiring personal jurisdiction in the municipal court. *St. Louis & S. F. R. Co.* v. *McBride,* 141 U. S. 127, 35 L. ed. 659, 11 Sup. Ct. Rep. 982; *Guarantee Sav. L. & Invest. Co.* v. *Pendleton,* 14 App. D. C. 384.

The municipal court in this District succeeded to the jurisdiction of the courts of the justices of the peace. It occupies the same relation to the courts of the District that a justice of the peace court does to the courts of the States. It is settled law that where a justice of the peace has jurisdiction over the subject-matter of the suit, as here, the right to dismissal for a lack of jurisdiction over the person is a personal privilege which may be waived by a defendant. Such a waiver may be made by generally appealing from a judgment entered by a justice with jurisdiction of the subject-matter of the suit, but without jurisdiction over the defendant against whom the judgment is entered. The act of taking an appeal and appearing generally in the appellate court amounts to a waiver of the right to object to the jurisdiction. *Frazier* v. *Douglass,* 57 Kan. 809, 48 Pac. 36; *Flannery* v. *Trainor,* 13 Colo. App. 290, 57 Pac. 189; *McCall* v. *Van Dusen,* 141 Mich. 42, 104 N. W. 326; *Witting* v. *St. Louis & S. F. R. Co.* 101 Mo. 631, 10 L.R.A. 602, 20 Am. St. Rep. 636, 14 S. W. 743; *Fitterling* v. *Missouri P. R. Co.* 79 Mo. 504.

' The judgment is affirmed with costs.　　　　*Affirmed.*