NIXON *v.* HOOD.

APPEAL AND ERROR—REPLEVIN—PRESUMPTION OF ERROR—RECORD.
On case-made after judgment on a replevin bond, where
the record fails to show any error, it will not be pre-
sumed by the Supreme Court.

Case-made from Cass; Des Voignes, J.    Submitted

January 16, 1918. (Docket No. 98.) Decided March 28, 1918.

Assumpsit in justice's court by Arthur K. Nixon against George Hood and others upon a replevin bond. There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for plaintiff. Defendants appeal. Affirmed.

*Chester E. Cone,* for appellants.

*Asa K. Hayden,* for appellee.

MOORE, J. This proceeding is here upon case-made after judgment reading as follows:

"This was an action of assumpsit brought by the plaintiff against the defendants to recover on a replevin bond. The suit was commenced in justice's court and brought into the circuit court on appeal. The declaration was in the usual form. The plea was the general issue.

"The plaintiff, at the time this suit was commenced, was a deputy sheriff of Cass county, and had in a former replevin suit brought by George Hood, secured a judgment of return of property which he had attached on behalf of one Arthur Higley, the attachment creditor.

"The issue in said cause came on to be tried before the Hon. L. Burget Des Voignes, judge of the circuit court of the county of Cass, at Cassopolis, Mich., on the 11th day of May, 1917, with a jury.

"To maintain the issue on his part the plaintiff introduced in evidence: The judgment of return; the execution issued in said replevin suit; the officer's return of no property found; the writ of replevin; Hood's affidavit therein and the replevin bond on which this action is based, and rested his case, asking for a judgment equal to the value of the property as shown by Hood's affidavit in the replevin suit.

"Defendants then moved the court to dismiss the action for the following reason: On the trial of the case wherein George Hood replevied the property, the right of possession of which is involved in this issue,

plaintiff herein, who was the defendant in said for-
mer ·trial, contended that the evidence in the replevin
suit showed that George Hood did not own the prop-
erty attached and replevied, but that the wife of the
said George Hood owned said property, and for this
reason, and relying on this theory asked the court to
direct a verdict for the plaintiff herein, who was the
defendant in the said replevin suit, for the return of
the property in question to the said officer which re-
quest the court granted, and instructed the jury ac-
cordingly. Defendants herein contend that plaintiff
in this suit is now estopped from claiming any dam-
age because of his contention in the former suit, to
wit: That the property did not belong to George Hood,
which contention he then relied upon and which con-
tention the court acted upon. If the property attached
was not George Hood's property, as plaintiff then con-
tended, the officer had no right to take it to satisfy a
debt of Hood's and cannot recover from the bondsmen
in this action.

"This motion was overruled by the court. To main-
tain the issue on their part defendants then offered to
show that the property attached by the officer belonged
to George Hood and that the same was exempt from
execution at the time it was attached by plaintiff.

"The court refused to admit such evidence and di-
rected a verdict for plaintiff in the sum of $40.85, the
amount of the judgment against Hood in the justice's
court in favor of the attachment creditor, this judg-
ment having been introduced by defendants."

The first question presented is, Did the court err
in overruling defendant's motion to dismiss the case?
In urging that the court erred counsel assume that
in the replevin suit the court directed a verdict for a
return of the property because it was shown that the
wife of George Hood owned it. Counsel for the plain-
tiff deny this and insist the trial in the replevin case
was upon the merits and the same facts and questions
of law were litigated there as are attempted to be liti-
gated here.

The only part of the replevin proceeding appearing
in this record is the affidavit for replevin in the usual

form, in which George Hood swore the property was his and was unlawfully detained, and the replevin bond in the usual form in which it was recited that George Hood would diligently prosecute his suit, "and that if the said defendant recover judgment against him, said George Hood, plaintiff in the said action, he will return the property above described, if return thereof be adjudged and will pay to the said defendant all such sums of money as may be recovered by the said defendant against him in the said action, then the above obligation to be void, otherwise to remain in full force and virtue."

It is conceded that there was a judgment for the return of the property and that it was not returned. It may be presumed that the trial judge may have known why, in the replevin case, he directed a return of the property and that it was not for the reason stated in the motion. In any event, in the absence of an affirmative showing, we cannot presume error. *Tuxberry* v. *French,* 39 Mich. 190.

The other question is, Did the court err in overruling the offer to show that the property belonged to George Hood, but was exempt from execution? Counsel for appellant rely upon the provisions of section 13116, 3 Comp. Laws 1915, and the cases of *Williams* v. *Bresnahan,* 66 Mich. 637; *Fletcher* v. *Lee,* 71 Mich. 493, and *Treadwell* v. *Paddock,* 75 Mich. 286.

The first of these cases was not an action upon a replevin bond but was a review of the conduct of the trial judge in the replevin case itself. The case of *Fletcher* v. *Lee, supra,* was an action of debt on a coroner's bond. The case of *Treadwell* v. *Paddock,* was a replevin case in which a discontinuance was entered. It will be seen that the cases are distinguishable from the instant case.

Section 13116, *supra,* reads:

"In any action prosecuted on such bond given by

either party in action of replevin for the deliverance of any property, the defendant may show, in mitigation of the damages that the obligee in such bond had only a lien upon it, or special property or part ownership in said property at the time of commencement of suit in replevin, and that the defendants or either of them, had at the same time a part ownership or other valuable interest in said property; and if such liens, special property, part ownership, or other interest of said obligee, with interest thereon, amount to less than the value of the property replevied, a corresponding reduction shall be made from such value."

Does the case before us come within the terms of the statute? Defendants did not seek to show that the sheriff had only a lien on the property nor did they seek to show that defendants or either of them had simply an interest or part ownership in the property, but did seek to show that the obligor in the bond was the owner of all of the property, and that it was exempt from execution. This would have been a proper issue to have tried out in the replevin case and counsel for the plaintiff insists that it was tried. Whether the trial judge took that view of the case and for that reason refused to allow the testimony we have no means of knowing from this record.

The appellant assigns error. It will not be presumed but must be shown by the record. We think it is not shown.

Judgment is affirmed, with costs to the appellee.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.