FLINT *v.* TRAHEY.

1. APPEAL AND ERROR—REPLEVIN—RES JUDICATA—FRAUD—EVIDENCE.
    Ruling of trial court in replevin case that judgment in former
    action between the parties was *res judicata* as to issue of fraud
    raised by defendants herein, plaintiffs in former case, *held,*
    not prejudicial notwithstanding files of former case were not
    introduced in evidence where record conclusively shows court
    and both counsel clearly understood the contention of opposing
    parties and had the files been introduced they would have dis-
    closed exactly the same issue in former case as in the instant
    case.

2. BROKERS—COMMISSIONS—LICENSES.
    Real estate broker *held,* entitled to recover commissions for nego-
    tiating exchange of real estate where court properly found fact
    to be that transaction was wholly consummated on last day of
    term of his license as broker although some formal instruments
    were not executed until later (2 Comp. Laws 1929, § 9806).

3. SAME—EVIDENCE—STATUTE OF FRAUDS—COMMISSIONS.
    Written agreement between parties exchanging property, in
    which plaintiff was recognized as broker responsible for ex-
    change and entitled to commission *held,* sufficient compliance
    with statute of frauds requiring agreement to pay commission
    for sale of real estate to be in writing (3 Comp. Laws 1929,
    § 13417, subd. 5).

4. EVIDENCE—BROKERS—COMMISSIONS—ORIGINAL OF AGREEMENT.
    Fact that original of agreement pertaining to exchange of prop-
    erty and recognizing plaintiff as broker entitled to commission
    for such exchange was not produced and offered in evidence in
    his suit for commission, *held,* not error where it was shown
    original was misplaced or lost.

5. REPLEVIN—EVIDENCE OF VALUE—SHERIFF'S APPRAISAL.
    Sheriff's appraisal made incident to replevin *held,* evidence of
    value of the property replevined.

6. APPEAL AND ERROR—SCOPE OF REVIEW.

Application to enlarge scope of review on appeal so as to include question not covered by the record filed in or tendered to the Supreme Court will not be granted.

7. SAME—ERROR NOT PRESUMED BUT MUST BE DEMONSTRATED.

On appeal to the Supreme Court, error will not be presumed but must be demonstrated from the record by appellant.

8. REPLEVIN—SURETY—BOND—DEFAULT—NOTICE.

Surety on replevin bond, permitted to intervene but not served with copies of pleadings thereafter, and who had no notice of, and took no part in, subsequent proceedings or of the trial, but who did not default plaintiff for such failure *held,* not entitled to reversal, since such a surety is not a necessary party and plaintiffs were entitled to judgment against him as well as principal defendants upon obtaining verdict against latter (3 Comp. Laws 1929, § 14844).

Appeal from Jackson; Simpson (John), J. Submitted January 8, 1935. (Docket No. 15, Calendar No. 37,794.) Decided March 5, 1935.

Replevin by Henry J. Flint and wife against Julia E. Horning Trahey and William Horning, for farm implements and stock under a chattel mortgage. William C. Beach, surety on replevin bond, intervened as party defendant. Verdict and judgment for plaintiffs. Defendants and intervening defendant appeal. Affirmed.

*Lyman A. Vincent* and *Robert Crary,* for plaintiffs.

*Frank L. Blackman,* for defendants.

*Rosenburg & Painter,* for intervening defendant.

NORTH, J. Plaintiffs held a promissory note executed by defendants Trahey and Horning for $964.61, due July 7, 1930. This note was originally

payable to the order of W. J. Grant Realty Company and Henry Flint. Payment was secured by chattel mortgage on farming tools and stock belonging to the makers of the note. After the note fell due the Grant Realty Company assigned all of its interest therein to plaintiffs. Thereafter plaintiffs, first having demanded and been refused possession of the mortgaged property, brought this suit in replevin. By giving a bond the mortgagors retained possession of the property. This bond was signed by William C. Beach as surety, who, upon his petition, was later permitted to intervene as a party defendant. Upon trial by jury plaintiffs had verdict and judgment for $1,127.84, the face of the note and accrued interest. Defendants have appealed.

Except as otherwise indicated we will herein refer to defendants Trahey and Horning as appellants. While the record does not disclose a formal waiver of the return of the property covered by the chattel mortgage, it does clearly appear that all parties understood there was such a waiver and that plaintiffs elected to recover a money judgment to the extent of their lien upon the property as evidenced by their note and chattel mortgage. 3 Comp. Laws 1929, § 14839. In effect recovery was sought upon the chattel mortgage note and decision herein is controlled by such right of recovery. Appellants deny plaintiffs' right to recover for reasons hereinafter considered.

Appellants exchanged real estate in the city of Jackson for a farm, stock and tools which belonged to a Mr. Joseph LaRue. Mr. Flint acted as agent for LaRue, and the W. J. Grant Realty Company for appellants. The agents seem to have pooled their commissions. Mr. LaRue paid the commission

due from him, and this was divided between the two agents. Appellants gave the note and chattel mortgage for the commission due from them in the amount of $750 and also for $214.61 for money borrowed from the Grant Realty Company. Appellants, having given notice under their plea of general issue, offered testimony to prove that the exchange of properties and the note and chattel mortgage were procured through false and fraudulent representations made by Flint and LaRue. The notice detailed the alleged fraud. Plaintiffs answered the affirmative allegations contained in the notice under defendants' plea of general issue, and therein denied the alleged fraud and further set forth:

"And in support of such denial (plaintiffs) will rely upon the fact that the said defendants are now estopped to claim fraud and misrepresentation as a defense to this action * * * for the reason that in a case tried and determined in this court by a jury on or about the 25th day of September, A. D. 1931, wherein Julia E. Horning Trahey and William Horning were plaintiffs and Henry J. Flint, Joseph A. LaRue and Alice LaRue were defendants and wherein the said * * * plaintiffs claimed fraud, misrepresentation (the same as now set forth under defendants' plea) * * * the said jury returned a verdict of not guilty * * * and that a judgment in accordance therewith was entered upon the records of this court and to which reference is hereby prayed and which said judgment has not been set aside nor appealed from."

The trial judge refused to permit defendants to make proof of the alleged fraud and refused to submit this issue to the jury on the ground that appellants were bound by decision of the case prosecuted by them against Flint and LaRue, holding that judgment therein was *res judicata* of the de-

fense of fraud and misrepresentation herein urged by appellants. The latter on this appeal assert that in so holding the circuit judge committed error.

By so holding the circuit judge did not commit prejudicial error, notwithstanding the records and files of the former case were not introduced in evidence in the instant case. During this trial the question of whether the former suit constituted *res judicata* on the issue of fraud and misrepresentation was discussed somewhat at length between the court and counsel. The record discloses that some of the discussion was not taken by the reporter and is not embodied in this record. But it does conclusively appear that each of the parties litigant thoroughly understood the contention made by the other; and upon being questioned by the court, appellants' counsel in effect admitted that the facts involved in the case first adjudicated were the same as those which appellants offered to prove herein in support of their defense of fraud and misrepresentation. This question was up both at the close of plaintiffs' proofs and at the close of all the proofs in this case. On the latter occasion the trial judge, addressing appellants' counsel, said:

"Are those the same facts that were brought out in the case of Julia and William Horning *v.* Henry Flint and Joseph LaRue? * * * I thought at the time I made the ruling (at the close of plaintiffs' proofs) that you made the statement they were the same, but the parties were different."

In reply appellants' counsel said:

"I don't know. I would like to have that read to see. I said something to that effect. In my opinion, they were. I do not believe I could go beyond that."

If the pleadings in the former case had been introduced in evidence herein, there is no room for doubt they would have disclosed exactly the same issue in that case between appellants herein and Mr. Flint as are now offered as a defense to the latter's right to recover in this case. Under such a record the question of *res judicata* would have been one of law for the court to determine. *Bishop* v. *Dodge,* 196 Mich. 231. The court's ruling would necessarily have been the same as that made. It was not prejudicial error.

Another question raised by these appellants is that at the time the exchange of properties was consummated Mr. Flint was acting illegally in that he was not then possessed of a real estate broker's license. 2 Comp. Laws 1929, § 9806. In consequence thereof appellants assert there can be no recovery for commission in the instant case. Mr. Flint was a licensed real estate broker for the calendar year ending December 31, 1929. He did not receive his license for 1930 until January 14th. It is his contention that so far as he had anything to do with the transaction resulting in the final agreement to exchange these properties and in earning his commission, the matter was consummated December 31, 1929. On the other hand appellants contend that the written agreement entered into by the parties for the exchange of these properties was not executed until some time during the first week of 1930, and they point out that the deeds were executed January 7, 1931. The trial judge took the position that if the transaction was wholly consummated by a written agreement signed by the parties on December 31, 1929, and that Mr. Flint, as he claimed, took no part in the transaction thereafter, he would be entitled to recover the commis-

sion earned. This phase of the record presented an issue of fact which the court submitted to the jury under a charge of which appellants cannot justly complain. The jury found in favor of plaintiffs, and no justification for disturbing such determination appears in this record.

There is no merit to appellants' contention that plaintiffs cannot recover because the broker had no written listing or agreement to pay commission signed by the owner of the property. 3 Comp. Laws 1929, § 13417, subd. 5. The agreement signed by the parties December 31, 1929, expressly recognized Mr. Flint as a broker "responsible for making this exchange and entitled to commissions for his services as follows." This constituted compliance with the statutory requirement. Nor is there merit to appellants' claim of error on the ground that the original of the agreement just above mentioned was not produced and offered in evidence. The testimony disclosed that the original was either misplaced or lost and in consequence thereof secondary proof was properly received.

In a belated application to be permitted by this court to assign additional reasons in support of their appeal, these appellants urge that their motion for a directed verdict should have been granted and on this appeal there should be reversal because "there was no proof of the value of the replevined property." Upon trial in the circuit the sheriff's appraisal incident to replevin was received in evidence. This was evidence of the value of the property in replevin. *Walrath* v. *Campbell,* 28 Mich. 111; *Mueller* v. *Provo,* 80 Mich. 475 (20 Am. St. Rep. 525). This appraisal was the only evidence of value offered. It is not included in the record on appeal and was not tendered incident to appellants'

motion to assign new grounds of error. It might be said to be a fair inference from the record that if the appraisal were before us it would be a complete answer to this particular assignment of error. But in any event, an application to enlarge the scope of review on appeal so as to include questions not covered by the record filed in or tendered to this court will not be granted. From the record as made it does not appear that the plaintiffs' judgment exceeded the amount of the appraisal or of the surety's bond; and on appeal this court will not presume error. Error must be demonstrated from the record by the appellants.

The surety on the bond, William C. Beach, has also appealed. From the record it appears that after this suit was brought against the other two defendants they were defaulted and thereupon judgment was entered against them and also against the surety on the bond. The surety then petitioned the court to set aside the default judgment and to permit him to intervene. This was done, but the reason for the ruling does not appear in the record. The surety's motion to vacate the judgment here on appeal was denied. The gist of the reasons assigned in support of the appeal of Mr. Beach is that after he was permitted to intervene he was not served with copies of pleadings thereafter by any of the parties nor did he have notice of subsequent proceedings or of the trial and that he took no part therein. Obviously this was irregular and resulted in the case never having been brought to an issue as to the intervener. However, he seems to have been as dilatory as the others in his failure to take the proper steps. If the order permitting him to intervene be considered an appearance, then Mr. Beach was in position to default

plaintiffs for failure to serve him with pleadings. This he did not do. Instead he stood idly by while this case appeared upon the circuit court calendar for several terms and finally went to trial and judgment. In his motion to vacate the judgment he has proffered no meritorious defense. We are unable to conceive of any defense that he could have successfully urged. While that issue is not before us, it might well be questioned whether he was a proper party.

"Sureties on a replevin bond are not parties to the action in replevin and have no control over it." *Lindner* v. *Brock* (syllabus), 40 Mich. 618.

The case might well have been tried without his having been made a party; and upon obtaining verdict against the principal defendants, plaintiffs were entitled to have judgment entered both against them and the surety. 3 Comp. Laws 1929, § 14844. We find no cause for reversal in the appeal of defendant Beach.

Judgment entered in the circuit court is affirmed, with costs to appellees.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.