## SAVAGE vs. GUNTER.

[ACTION ON DETINUE BOND.]

1. *Form of judgment in detinue on voluntary nonsuit.*—If the plaintiff in detinue suffers a voluntary nonsuit, the court can only render a judgment for costs for the defendant.
2. *Breach of detinue bond, and defense.*—A voluntary nonsuit by the plaintiff is a breach of a detinue bond, conditioned as the statute requires; and the fact that the property sued for belonged to him is no defense to an action on the bond, though admissible in mitigation of damages.
3. *Conclusiveness of judgment of nonsuit on question of ownership.*—If the plaintiff in an action of detinue suffers a voluntary nonsuit, the judgment is not conclusive on him, in a subsequent action on the bond, as to the question of ownership.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by Macon Gunter, against James Savage, Thomas M. Gabbert, Wm. L. Stanley, and Wm. A. Hewlett, and was founded on a penal bond, in the sum of $500, conditioned as follows: "Whereas the above-bound Gabbert & Stanley and James Savage, on the 3d August, 1854, obtained from the office of the clerk of the circuit court of Walker county a writ or summons against said Macon Gunter, returnable to the fall term of said court, 1854; by which said writ the sheriff of said county was commanded to seize and take into possession 15,900 pounds of seed cotton, fifty yards of bagging, and sixty pounds of rope; by virtue of which summons, Thos. L. Reed, by his deputy, did take possession of 8,739 lbs.

of seed cotton, 523 pounds of lint cotton, and fifty-two yards of bagging: Now, if the above-bound Gabbert & Stanley and James Savage shall well and truly deliver the above-mentioned cotton and bagging to the defendants, within thirty days after judgment, in case they fail in the suit, and pay all damages for the detention of said property, and the costs of suit, then the foregoing obligation to be void," &c.

The cotton mentioned in this bond, it appears, had been delivered by said Gabbert & Stanley, as partners, and James Savage, to each of whom separate portions of it belonged, to Gunter to be ginned. On Gunter's failure to re-deliver it, (for what reason is not shown,) Gabbert & Stanley and Savage joined in an action of detinue against him to recover it, and executed the bond here sued on; but, at the spring term of said circuit court, 1855, they suffered a voluntary nonsuit. Gunter then commenced this action on the bond, and assigned as a breach of the condition, that the obligors had failed in their suit, and had not delivered the cotton and bagging as required to do by the bond.

The defendants demurred to the complaint, but their demurrer was overruled. They then interposed eleven pleas in bar, which were, in substance, *nil debet*, *not guilty*, performance, that the bond was without consideration and void, and that the cotton mentioned in it was the property of said Gabbert & Stanley and Savage. To several of these pleas demurrers were interposed, but the record does not show that any action was had by the court on the demurrers.

On the trial, as appears from the bill of exceptions, the court allowed the plaintiff to read in evidence, against the defendants' objection, the record of the detinue suit brought by Gabbert & Stanley and Savage against Gunter; and refused to allow the defendants to prove property in the cotton in themselves, even in mitigation of damages; and to each of these rulings of the court the defendants excepted. Exceptions were also reserved by the defendants to several other rulings of the court, which require no special notice.

The assignments of error, nineteen in number, embrace all the rulings of the court to which exceptions were reserved.

Thomas M. Peters, for the appellants.

No counsel appeared for the appellee.

STONE, J.—If the action of detinue instituted by Gabbert & Stanley and Savage against Gunter had proceeded to a verdict and judgment, and the verdict and judgment had been in favor of Gunter, the defendant in that suit, the judgment would necessarily have been against all the plaintiffs in that suit, " for the property sued for, or its alternate value."—Code, § 2194. The present record, however, presents the question in a different form. The plaintiffs submitted to a voluntary nonsuit, and thus placed it out of the power of the jury to render a verdict, assessing the value of the property. In such case, the circuit court had no *data* on which to render a judgment, save for the costs of that suit.

2. We do not entertain a doubt of Mr. Gunter's right to maintain a suit on this bond. If Gabbert & Stanley and Savage *failed* in their said action of detinue, the condition of their bond was broken ; and conceding that the cotton and bagging described in the bond belonged to them, this could not oppose a bar or absolute defense to this action. The case would be precisely within the condition of the bond, " to deliver the property to the defendant within thirty days after judgment, in case he fail in the suit," and a recovery of damages for the breach is the inevitable result.—See Code, § 2193. It follows from this, that the several pleas which rest on the assertion of defendants' ownership of the cotton and bagging as a bar to this action, are insufficient.—Wallace v. Clark, 7 Blackford, 298.

When, however, this alleged ownership is relied on in mitigation of damages, the question is entirely different. In Belt v. Worthington, 3 Gill & Johns. 247, the question was in substance the same as that presented by this record. The court in that case said, " If the judg-

ment of nonsuit which followed, or which ought to have followed, the order to strike off the suit in replevin, had been conclusive of the rights of the parties to the property in controversy, the evidence would have been clearly inadmissible. But we apprehend that no right has been settled between the parties to the suit, which should induce the rejection of the evidence. The right to have a return of the goods is the only consequence of the judgment. The title to the goods is in no manner settled by it, and the defendant could not, therefore, be estopped by the proceedings, from an effort to mitigate the damages by setting up a title to the goods." The evidence was admitted.

To the same effect are the following cases: Harman v. Goodrich, 1 Greene's (Iowa) Rep. 13; Wallace v. Clark, 7 Blackf. 298; City of Lowell v. Parker, 10 Metc. 309; White v. Webb, 15 Conn. 302.

We hold, that, in this action on the bond, evidence of ownership in the defendants should have been received in mitigation of damages.

The alleged variance, between the statement in the complaint of the time at which the nonsuit was taken in the former case, and the record of that case as read in evidence, presents a question which we do not deem it necessary to decide. The complaint can be easily amended, so as to conform to the facts; and hence the question will probably not again arise. On the question of misdescription of records, see 1 Greenl. Ev. § 70.

We will not make the application of these principles to the several pleas found in the record. What we have said will doubtless lead to correct rulings on another trial.

Judgment of the circuit court reversed, and cause remanded.