# Holloway, *et al. v.* Burroughs & Taylor Co.

## *Assumpsit.*

### (Decided May 7, 1912.   58 South. 953.)

1. *Attachment; Bond; Sufficiency.*—A claim bond in a suit begun by attachment conditioned that the obligor shall have the property forthcoming for the satisfaction of the judgment, if found liable therefor, and shall pay such costs and damages that may be recovered, is a sufficient claim bond under Section 6039, Code 1907.

2. *Same; Claim by Third Person; Dismissal.*—Where a claimant in attachment executed the required bond, but failed to file his affidavit and after the property was delivered to him, his claim was dismissed and judgment rendered for plaintiff, no issue having been made up, and the bond having been given in reliance on the making up of such an issue, the judgment for the plaintiff was not such an adjudication as would prevent the claimant from setting up his title to the property as a defense to an action on the bond.

3. *Same; Right of Recovery.*—Where the action is upon the claim bond filed by a claimant under section 6039, Code 1909, and the claim suit was dismissed for failure to file the required affidavit, mere proof by the plaintiff, who recovered in attachment, that the property in the bond was not forthcoming, is not sufficient to show a breach of the conditions, it being necessary, in an action on the bond, to show that claimant was not entitled to the property.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

[Holloway, et al. v. Burroughs & Taylor Co.]

Action by the Burroughs & Taylor Company against J. T. Beasley and W. H. Holloway on a bond. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The facts sufficiently appear from the opinion. The pleas referred to in the opinion are as follows: (3) "That the property set forth in the complaint was levied upon under and by virtue of a writ of attachment in the cause wherein Burroughs & Taylor Company were plaintiffs and W. C. Parrish was defendant; that at and prior to the date of the levy the said J. T. Beasley, one of the defendants, held and owned a mortgage on the property levied upon, which mortgage was valid and good, and which was recorded prior to the levy of said attachment, and recorded in Geneva county, Alabama, where the said W. C. Parrish resided, and where the goods in question were situated; that the amount then due on the debt secured by said mortgage was in excess of the value of said stock of goods and the other property embraced in said mortgage; that upon the levy of the writ of attachment the said J. T. Beasley attempted to claim said property, but failed or neglected to make the affidavit required, but did execute the bond sued on; that said claim suit was not tried, but on motion of plaintiff the said claim suit was dismissed on account of failure to make the affidavit, and that the right of the parties with respect to said property and the claim of Beasley thereto were not adjudicated by the court; that, although the property was turned over to Beasley upon the execution of the bond sued on, yet the said Beasley was the owner of said property, as stated therein, and the execution of said bond gave plaintiff no right of action; that the said mortgage was due May 1, 1908, and was for $1,685.13, having been executed Decmeber 4, 1907, and covering the property in question. Wherefore defendants say that

plaintiff ought not to recover of them." (4) "For fur-
ther answer to complaint defendants say that J. T. Beas-
ley, at the time of the levy of the writ of attachment on
the goods in question, was the owner of said goods by
virtue of a valid mortgage on the same, which mortgage,
or a copy thereof, is attached hereto, and made part of
said plea; that the defendant Beasley was in possession
of said goods at the time of the levy of the writ, the said
W. C. Parrish, defendant in the writ and mortgage, hav-
ing charge of the same for and as agent of Beasley, and
in no other way; that Beasley, when the property was
levied on, made the bond in question, and W. H. Hollo-
way was mere surety thereon; that the goods were not
subject to the writ, and have not by any judgment of
the court been ascertained and adjudged liable to the sat-
isfaction of plaintiff's demand or writ of attachment.
And defendants aver that the property covered in the
mortgage was not worth the mortgage debt, and that de-
fendant took all the property therein conveyed, and that
it did not, at its fair market value, pay said debt." The
demurrers raise the proposition that the pleas show that
the rights of defendant with reference to said property
were adjudicated and settled when said claim suit was
dismissed, and that the maters set up in said plea show
no defense to the action; and, further, that the facts
show no defense which could be made available in the
original suit.

W. O. MULKEY, for appellant. There was no judgment
in the claim suit and the right of the parties to the prop-
erty was not decided or adjudged, and the bond and its
conditions had not been broken. The doctrine of estop-
pel as to surety does not apply since the claimant by fil-
ing the bond expressly denies title or interest in the at-
taching plaintiff. It follows therefore that the court er-

red in giving the affirmative charge and in sustaining demurrers to pleas 3 and 4.

W. R. CHAPMAN, for appellee. The bond is neither a statutory replevy bond or forthcoming bond, and therefore will not support an execution.—*Branch Bank v. Darrington,* 14 Ala. 192; *Russell v. Locke,* 57 Ala. 420; *Harrison v. Hamner,* 99 Ala. 603; *Cannon v. Adams,* 100 Ala. 288. But it is a good common law obligation and will support this action.—*Russell v. Locke, supra; Meredith v. Richardson,* 10 Ala. 828; *Whitsett v. Womack,* 8 Ala. 433. Defendant is estopped to set up or deny his liability on the contract.—*Meade v. Fye,* 4 Ala. 279; *Cawthon v. McGraw,* 9 Ala. 519; *Bolling v. Vandiver,* 91 Ala. 381. Under the facts in this case the matter was adjudicated by the former judgment.—*Ernest Bros. v. Hogue,* 86 Ala. 502; *Berney Nat. Bank v. Pinkard,* 87 Ala. 577.

WALKER, P. J.—The appellee sued out a writ of attachment against the property of one Parrish, under which the sheriff levied upon property which was then in the possession of the appellant Beasley. The sheriff delivered this property to the appellants, or one of them, upon the execution by them of a bond in double the amount for which the attachment was issued, which was made payable to the plaintiff in the attachment (the appellee here), and was conditioned as follows: "The condition of the above obligation is such that, whereas an attachment issued by J. W. Draughton, clerk circuit court in and for said county, bearing date of the issuance, the 17th day of March, A. D. 1908, in favor of Burroughs & Taylor Co. against W. C. Parrish, for the sum of $188 dollars, has been levied by J. D. Jenkins, sheriff of said county, upon the following as the property of said W. C. Parrish, to wit: (Here follows a description

of the property.) Now, if the said W. H. Holloway shall have the said property above described forthcoming for the satisfaction of the judgment if it be found liable therefor, and pay such costs and damages as may be recovered for putting said claim in for delay, then this obligation to be void; otherwise to remain in full forcè and effect." This bond was in substantial compliance with the requirements of the statute (Code, § 6039) in reference to the bond to be given when a stranger to the writ claims personal property which has been levied on; and it was by the officer making the levy returned into court with the writ, as directed by the provision of section 6040 of the Code.

But the claimant failed to comply with the other jurisdictional requirements of the statute (*House v. West,* 108 Ala., 355; 19 South. 913), by making affidavit by himself, his agent or attorney, that he held title to or a paramount lien upon the property claimed; and, because of his failure to make the required affidavit, his claim to the property was dismissed by the court. After the claim suit was disposed of in this way, a judgment was rendered in the original suit in favor of the plaintiff and against the defendants therein, and the property levied on under the writ of attachment isued in that suit was by that judgment condemned to the satisfaction of it. Thereafter the present suit was instituted on the bond above described; the complaint averring that the condition of the bond has been broken by the failure of the defendants, the obligors therein, to deliver or have forthcoming the property described therein for the satisfaction of the judgment rendered in the attachment suit. The defendants (the appellants here) undertook to defend the suit, on the ground that at the time the writ of attachment was levied on the property, for the forthcoming of which the bond sued on was given, that property was not sub-

ject to be levied on under that writ, but was the property of the claimant, or subject to a paramount lien in his favor. The rulings of the trial court were to the effect that this ground of defense was not available to the defendants under the circumstances disclosed by the pleadings and evidence in the case.

The contention in behalf of the appellee is to the effect that any claim by the appellants that the property mentioned in the bond sued on was not subject to be levied on under the writ of attachment was foreclosed by the judgment rendered in the attachment suit. In other words, its claim is that that judgment, rendered in the attachment suit at a time when the claimant was in no way a party to it, was a finding or adjudication that the property described in the bond was liable, within the purview of the provision contained in the condition of the bond to "have the said property above described forthcoming for the satisfaction of the judgment, if it be found liable therefor." We do not think that this position is tenable. We are not of opinion that the claimant, by obtaining possession of the property on the execution of the bond sued on, agreed that the question of the liability of that property to be subjected to the demand of the plaintiff in the attachment suit might be determined in any proceeding to which he was not a party, and in which he could not be heard. The nature of the proceeding attempted to be inaugurated by the giving of that bond negatives any such conclusion. The execution of the bond evidenced the assertion by a stranger to the writ of attachment of a claim that he had the title to or a paramount lien upon the property levied on. The giving of the bond may be treated as evidencing an agreement on the part of its obligors that the question of the liability of the property mentioned in it to the satisfaction of the demand of the plaintiff

in the attachment be tried and passed on in a statutory proceeding (Code, § 6040), in which an issue would be made up between the claimant and the plaintiff in the writ, as the statute under which the bond was given contemplates that that controverted question may be tried in the way for which the statute itself makes provision. Code, §§ 6040, 6041. But the plaintiff in attachment availed itself of the claimant's failure to comply with the other requirement of the statute, that he support his claim by affidavit, to procure a dismissal of the claim, with the result that no issue was made up between the plaintiff in the writ and the claimant; and none of the statutory consequence of the trial and determination of that issue in the manner provided for ensued.

By a proceeding under the statute (Code § 6039) for the trial of the right of property, the claimant may assert such a claim to the property as he could have asserted by a suit in detinue, if the property claimed had been held by another otherwise than under a judicial process. The staute in effect provides for a suit or proceeding by a stranger to the writ for the recovery of specific personal property levied on under an execution or an attachment. When an attempt to maintain such a proceeding is rendered abortive by the claimant's failure to comply with the requirement of the statute that he support his claim by affidavit, with the result that the claim is dismissed, without any issue having been made up between the claimant and the plaintiff in the writ, or any finding or adjudication having been made, as authorized by the statute, as to the liability of the property levied on to the satisfaction of the demand of the plaintiff in the writ, the position in which the claimant is left is very similar to that of a plaintiff in detinue, whose suit is dismissed without an adjudication settling the right or title to the property sued on. The condition

of the bond given by the claimant in the proceeding for the trial of the right of property, "to have the property forthcoming for the satisfaction of the judgment or claim of the plaintiff, if it be found liable therefor, and also for the payment of such costs and damages as may be recovered for interposing the claim for delay" (Code, § 6039), has such similarity to the condition of the bond required to be given by a plaintiff in detinue, upon the delivery to him of the property sued for, "to deliver the property to the defendant within thirty days after judgment, in case he fail in the suit, and to pay damages for the detention of the property and costs of suit," (Code, § 3780), and the nature and purposes of the respective obligations imposed by the giving of these two kinds of bonds are so analogous, that rulings on the question of the right of a plaintiff in detinue, when sued on the bond given by him to obtain possession of the property sued for, to raise in that suit an issue as to his ownership and right of possession of that property, when his detinue suit was dismissed without an adjudication settling the right or title to the property, are entitled to be looked to in considering the similar question of the right of a claimant to property levied on under process against a stranger to him, when sued on the bond given by him in attempting to set up his claim, to raise in that suit an issue as to the liability of that property to be subjected to the satisfaction of the judgment recovered against the defendant in the process, that question not having been determined in the statutory proceeding to which the claimant sought to make himself a party, as the considerations which have been regarded as controlling in the determination of the question in the one case are not likely to be inapplicable in the other case.

It had been settled by adjudications of the Supreme Court that in a suit on a bond given by a plaintiff in

detinue for the possession of the property sued for the
defendant in such suit may prove, in mitigation of dam-
ages, that he was the owner of the property sued for, if
his detinue suit was dismissed or disposed of without an
assessment of damages and a judgment for the property,
or its alternate value, as authorized by the statute.—
*Ernest Bros. v. Hogue,* 86 Ala. 502, 5 South. 738; *Sav-
age v. Gunter,* 32 Ala. 467; Code, § 3781. In the opinion
rendered in the first-mentioned case, it was said by Clop-
ton, J. :

"Appellee insists that, inasmuch as the condition was
broken on failure to return the property within the 30
days after the judgment of dismissal, the liability of the
obligors in the bond became absolute; and as the pur-
pose of the statute, authorizing a plaintiff in detinue to
give bond and take possession of the property, is to se-
cure its restoration to the possession of the defendant
in case the plaintiff fails in the suit, the plaintiff here
is entitled, in an action on the bond, to recover the value
of the property as the measures of compensation for the
failure to restore possession. In support of the conten-
tion, counsel cite and rely upon the several cases in
which it has been held that, when the liability of the
bondsmen on a bond given for the forthcoming of prop-
erty attached or levied on under execution has become
fixed by demand, and indorsement of the bond, 'For-
feited,' they are estopped from denying the liability of
the property to the process, and from setting up any ad-
versary claim.—*Rosewald v. Hobbie,* 85 Ala. 73 (4 So.
177, 7 Am. St. Rep. 23.) In such case, execution may
be issued on the bond against the principal and sureties.
No execution can be issued on the replevin bond given by
the plaintiff in detinue, if unsuccessful, unless the alter-
ate value and damages for detention have been assessed,
judgment rendered therefor, and the sheriff has returned

on the bond the fact of failure to deliver the property. Code, 1886, § 2721. The principle settled by the decisions referred to is only applicable when such proceedings have been had. But the condition of the bond having been broken, plaintiff is entitled to recover, at least, nominal damages, and defendant cannot set up their ownership as a *bar to the action.*

"The admissibility of proof of ownership, for the purpose of mitigating the damages, depends on very different principles—on the consequences of the judgment in the detinue suit. The general rule is, if the right and title to the property is adjudicated and determined in the action, all such questions are regarded as finally settled, and the obligors in the replevin bond, given by the plaintiff, are estopped from setting up, in a subsequent suit thereon, title to the property for any purpose; but, if not determined and settled, they may show ownership in mitigation of damages.—*Pearl v. Garlock,* 61 Mich. 419, 28 N. W. 155, 1 Am. St. Rep. 603; Wells on Replevin, §§ 447, 448. The judgment of dismissal in the action of detinue was not a judgment on the merits, and, not having been followed by the summary judgment provided by the statute, did not settle the right and title to the property. It determined the right of the defendant in the suit to have the property restored to his possession; but this is the only consequence.

"This question was presented and decided in *Savage v. Gunter,* 32 Ala. 467. In that case, the suit was on a replevin bond, given by the plaintiffs in the action of detinue, with substantially the same condition as the bond on which the present action is founded. They took a voluntary nonsuit. In the suit on the replevin bond, the trial court refused to allow the defendant to prove, even in mitigation of damages, that the property belonged to the plaintiffs in the detinue suit.. It was held that

a voluntary nonsuit by the plaintiffs and failure to deliver the property according to the stiuplation of the bond constituted a breach of the condition, and estopped the obligors from asserting ownership *as a bar to* the action; but that proof of ownership was admissible in mitigation of damages. Had the plaintiff obtained, in the detinue suit, the summary judgment against the plaintiffs therein, authorized by the statute, it would have been conclusive on the question of ownership; and on the return of the sheriff of the failure to deliver the property the bond would have had the force and effect of a judgment upon which execution could have issued. But, when the plaintiff, by reason of not having obtained such judgment, was compelled to resort to a suit on the replevin bond, as a common-law bond, the amount of recovery only extends to the legal damages caused by the breach of the bond. If the property belonged to Ernst Bros., and the plaintiff had merely a possessory interest, he is entitled to recover the damage done to such interest by the failure to deliver the property, but not its full value. Evidence as to the ownership should have been received."

We have quoted at such length from the opinion in the case mentioned because of the similarity of the contention there adversely disposed of to that advanced by the appellee in the case now under consideration, and because the reasoning upon which the court based the conclusions announced in that opinion are regarded as largely controlling in the determination of questions presented in the instant case. No reason occurs to us for giving to a judgment dismissing the statutory proceeding instituted by a stranger to the process for the recovery of specific personal property levied on under legal process an effect upon the right or title of the claimant that is not accorded to a judgment in like manner dis-

[Holloway, et al. v. Burroughs & Taylor Co.]

posing of a suit in detinue. So much as to the effect, or rather the lack of effect, of the dismissal of the claim suit upon the claimant's right or title to the property in question. A contention that the claimant's asserted right was adjudicated against him, not by the dismissal of the claim suit, but by the judgment condemning the property levied on, rendered in the attachment suit after the claim suit had been so disposed of, is opposed by a consideration which does not apply when the question is as to the effect of a judgment dismissing a detinue suit. Such a judgment against a plaintiff in detinue is one rendered in a suit in which the plaintiff's right to the property sued for could be adjudicated; while, when a proceeding for the trial of the right of property has been fully disposed of without a finding or judgment therein that the property claimed is or is not liable to the process which had been levied upon it, any subsequent adjudication in favor of the plaintiff in that process is in a proceeding with which the claimant is no longer in any way connected, and the result of which in such case is not, by any provision of the law, made conclusive against his right or title to the property claimed.

The conclusion that a judgment rendered under such circumstances in favor of the plaintiff in the original suit is not an adjudication binding upon the claimant as to his right or title to the property in question results from a consideration of the nature of the statutory proceeding for the trial of the right of property. While that proceeding is *sui generis* in its nature, not being an independent suit, but dependent for its maintenance on the pendency of the suit in which the levied process was issued (*Cofer v. Reinschmidt*, 121 Ala. 252, 25 South. 769), yet plainly it is a separate, though dependent and collateral, suit or proceeding, involving a sep-

arate issue between the plaintiff in the original suit and the claimant, which must be tried before a judgment, binding upon the claimant, can be rendered therein, determining the question of the liability of the property in question to the satisfaction of a judgment that may thereafter be rendered in the original suit in favor of the plaintiff and against the defendant therein. In so far as the claim bond has the effect of making the question of the liability of the property claimed to the process levied upon it one to be determined in the proceeding in which the bond was given, as the statute governing that proceeding makes definite provision for the rendition in the course of that proceeding itself of a judgment determining that identical question pursuant to the result of the trial of an issue formally made up between the plaintiff in the original suit and the claimant, there is little room for imputing to the makers of the statute an intention to give the same effect to a judgment rendered in a proceeding to which the claimant is not a party, and in which he has no right to contest the adverse claim.

The fact that the giving of the bond evidences the assertion of a claim distinctly adverse to both the parties to the attachment suit negatives any inference that the obligators consented that the question of the right to the property levied on might be determined in a suit or proceeding with which no one other than the parties to the original suit were connected, and the judgment in which is not by law made binding upon the obligors in the claim bond, or either of them. Plainly the provision contained in its condition, "to have the said property above described forthcoming for the satisfaction of the judgment, if it be found liable therefor," so far as it had reference to a finding to that effect in the proceeding in which the bond was given, referred to a finding on

that question in that proceeding itself, as provided for in the statute governing it, and not to a finding or judgment rendered in the original suit at a time when neither of the obligors in the bond were connected with it in any way, and under circumstances under which the statute does not make that judgment or finding binding upon the claimant's right or title to the property in question. But there is nothing in the terms of the bond requiring that, to entitle the obligee to maintain a claim that its condition has been broken, a finding or judgment that the property levied on was liable to the judgment recovered by the plaintiff in the attachment must have been made in the proceeding in which the bond was given. The terms of the bond are such that a finding to that effect may as well be made in a suit on the bond itself as in the manner specially provided for by the statute.

In view of the nature of the statutory proceeding for the trial of the right of property, as above referred to, and in the light of the above-quoted rulings on a somewhat similar question arising in suits on bonds given by plaintiffs in detinue, we are of opinion that obviously analogous considerations applicable to the question of the effect to be accorded, in a suit on a claim bond, to the judgment rendered in favor of the plaintiff in the attachment suit after the dismissal of the claim suit, lead to the conclusions that that judgment, not having been preceded by a trial of the issue provided for by the statute between the plaintiff in attachment and the claimant, and the rendition of the judgment authorized by the statute on a finding in favor of the plaintiff in attachment (Code, §§ 6040-6042), was wholly without effect as an adjudication against the claimant's right to the property levied on; and that, so far as he is concerned, the question as to whether the property levied

[Holloway, et al. v. Burroughs & Taylor Co.]

on and claimed was liable to the writ of attachment had in no way· been determined when this suit on the claim bond was brought, and was a question open for determination in this suit.

But there is such a dissimilarity between the provision of the condition of the bond given by a plaintiff in detinue, "to deliver the property to the defendant within thirty days after judgment" (Code, § 3780), and the provision of the condition of the claim bond sued on, "to have the property forthcoming for the satisfaction of the judgment or claim for the plaintiff, if it be found liable therefor" (Code, § 6039), that a conclusion similar to that reached in suits on detinue bonds, that the liability of the obligors became absolute on a failure to deliver the property within 30 days after judgment, is not warranted in a suit on a statutory claim bond. The plaintiff in the present suit ·does not show that the condition of the bond sued on has been broken by proving merely that the property mentioned was not had forthcoming to satisfy the judgment in his favor in the· attachment suit, but must prove, also, that that propery was subject to the satisfaction of that judgment. As that question is one to be determined in this suit, it follows that if it is determined in favor of the defendants, the plaintiff is not entitled to recover at all. In other words, if the defendants sustain their contention that the claimant owned or had a paramount lien upon the property levied on at the time of the levy, the existence of such a state of affairs has the effect, not merely of mitigating the damages recoverable, but of preventing the plaintiff from recovering even nominal damages.

It follows from the conclusions above announced that the court was in error in sustaining the demurrers to the defendant's third and fourth pleas.

Reversed and remanded.