(79 South. 103)

DILLARD et al. v. JOHNSON. (4 Div. 780.)

(Supreme Court of Alabama. May 9, 1918.)

1. ATTACHMENT ☞335 — RES ADJUDICATA—CLAIM IN ATTACHMENT SUIT.

Where the question of the indebtedness of a tenant to his landlord was litigated in the landlord's action against the tenant, begun in justice court and carried to the circuit court, resulting in judgment for the landlord, and, in the tenant's action on a claim bond executed by the landlord, who claimed crops of subtenants attached by the tenant, the landlord was given full credit against his tenant's recovery for the amount ascertained to be due him from the tenant in the prior case, the amount of the indebtedness due by the tenant to his landlord having been litigated and satisfied, the right of property in subtenant's crops as between landlord and tenant had become res adjudicata, despite the landlord's failure and refusal to make the statutory affidavit so that his claim in the attachment suit was dismissed.

2. EVIDENCE ☞568(7)—CONCLUSION OR SPECULATION—DAMAGES.

A landlord's testimony, when questioned in regard to any damages he sustained on account of his tenant's failing to vacate the premises for nonpayment of rent in accordance with his demand, that "he might get somewhere about it; that he would insist he was damaged $140 or $150"—was a mere conclusion or speculation, unsupported by any statement of fact and without probative force.

3. LANDLORD AND TENANT ☞216—HOLDING OVER—PENALTY—STATUTE.

Where a tenant failed to vacate premises on demand for failure to pay rent due, the landlord could not recover, under Code 1907, § 4273, the penalty of double the amount of the annual rent for the unlawful retention of possession, since the statutory penalty for unlawful retention is not recoverable until the expiration of the term of the lease by its own limitation.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Suit by S. Johnson against J. M. Dillard and another. From judgment for plaintiff, defendants appeal. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Suit by appellee against appellants, commenced on July 29, 1916, for the recovery of damages for the breach of a certain claim bond executed on January 19, 1916, by J. M. Dillard, as principal, and T. S. Faulk, as surety. The defendants filed special pleas, setting up that, at the time of the attachment the property was not subject to the writ, for that the defendant Dillard held the property under a paramount lien to the claim of the plaintiff, and upon a plea of set-off. But by agreement of the parties the cause was finally tried upon the plea of general issue, with leave to give evidence in any matter which would support a good special plea, as is disclosed by the judgment in the case. The cause was tried before the court without a jury, and witnesses examined orally. From the judgment for the plaintiff, the defendants prosecute this appeal.

S. Johnson, the appellee and plaintiff in the court below, had leased from the defendant J. M. Dillard a certain plantation, containing 265 acres, under a lease contract entered into on September 1, 1913, for a term of five years. Said lease contract is set out in the record, and contains certain reciprocal provisions, among them, one providing that upon the lessee failing to pay the rent the lessor is authorized to take full possession of the premises, etc. In the year 1915, plaintiff, Johnson, was in possession of said property under said lease, and had sublet a portion of the same to J. A. and Clarence Jackson, who were due Johnson rent on November 9, 1915. On said date Johnson commenced a suit by attachment against the said Jacksons to recover the sum of $223, alleged to be due by them as a balance for rent for 1915. The writ of attachment was levied by the sheriff upon certain crops grown by the Jacksons during the year 1915 on the land leased, as to the value of which, as ascertained by the court, no point is raised. Thereupon J. M. Dillard, with T. S. Faulk as surety, executed the bond sued on, which contained the statutory conditions required of claim bonds executed for the trial of the right of property. J. M. Dillard signed the affidavit necessary to interpose the claim, but

the officer taking the affidavit did not subscribe his name thereto. The bond executed by Dillard, with Faulk as surety, was duly approved, and the property delivered to Dillard.

It is admitted that this property so turned over to Dillard upon the execution of the claim bond has never been delivered to the plaintiff or surrendered to the sheriff of Geneva county. Plaintiff also offered proof to show of what the property consisted, viz. corn, beans, etc., and the value thereof. That the property at the time of the levy was on the part of the place rented by the Jacksons, and that the said Jacksons, defendants in the attachment suit, were in possession of the property at the time of the levy.

When the claim suit was called for trial on March 15, 1916, plaintiff moved to dismiss the same because of lack of statutory affidavit to support the claim; and, the claimant in open court declining to make said affidavit, judgment was entered, dismissing the claim suit. At the same term of said circuit court, on the same day (March 15, 1916), plaintiff S. Johnson recovered judgment for $156.93 against J. A. and Clarence Jackson, and the property attached was condemned to the satisfaction thereof.

Defendants offered proof tending to show that J. A. and Clarence Jackson had rented some of this land from Dillard in 1913, and that in 1915 they were due him $500 or $600, and that on November 29, 1913, they executed a note and mortgage for $319, which had been renewed by another note; that on February 20, 1915, they executed a mortgage to Dillard for $549.53, which was given to better secure the note and mortgage of November 29, 1913; and that it had never been paid. This mortgage was then offered in evidence, and purports to convey the entire crop raised by the mortgagors during the years 1913, 1914, and 1915 in Geneva county. The mortgage of February 20, 1915, was also offered in evidence, and contains similar provisions.

Defendant Dillard also testified that on March 26, 1915, J. A. Jackson executed a mortgage to him for $80, which had never been paid, and purports to convey crops raised during the years 1915, 1916, and 1917. Said last-mentioned mortgage was also offered in evidence, which, however, was payable to T. S. Faulk & Co. Defendant Dillard further testified that he had deposited these mortgages in the bank as collateral, and that Jackson had turned this property over to him about a month before the attachment was levied.

There is other evidence tending to show that some of the crop levied upon had been locked in the crib by the Jacksons at the request of the bank; but other evidence tends to show that the Jacksons kept the key, and continued to use the corn from the crib, and to retain possession of the property.

Defendant Dillard testified that, in addition to the rent due him by plaintiff, Johnson, the latter was also due him $283.39, as a balance for the previous year on rent and advances, and that to secure the same said Johnson executed a mortgage to him on February 20, 1915, and due October 15, 1915, purporting to convey crops of 1915, which also contained a provision for the payment of attorney's fee if placed in the hands of an attorney for collection. Defendant Dillard also offered in evidence the note and mortgage executed by Johnson for rent for the year 1915, of 10,000 pounds of lint cotton, which note provided for the payment of a reasonable attorney's fee, in the event suit was brought to enforce the collection thereof. These notes were also placed with the bank as collateral, and were afterwards turned over to an attorney for collection. The proof shows that Johnson, by his son, paid the $283.39 note to the bank, obtaining a receipt therefor, but did not get the note.

Defendant Dillard, insisting upon a forfeiture of the lease contract by Johnson in failing to pay the rent when due, brought suit against the plaintiff, Johnson, on January 19, 1916, in the justice court for unlawful detainer; and in the complaint filed sought recovery of the property leased, together with $100 for the detention thereof. This suit progressed to trial, and on January 29, 1916, judgment was rendered in favor of Dillard against Johnson in the unlawful detainer suit. The judgment, however, was silent as to any damages for the detention thereof.

On November 29, 1915, the defendant Dillard brought suit against plaintiff, Johnson, for the amount due for rent of the place in question, the trial being had on December 13, 1915, and judgment was rendered for the plaintiff in the sum of $99.75 and costs, and an order made, condemning the property levied on. From this judgment, the defendant S. Johnson, on January 17, 1916, sued out a writ of certiorari, and the cause was carried to the circuit court and submitted to the trial judge along with the case here in question. Upon a trial of that case, the court rendered a judgment in favor of the plaintiff against the defendant in the sum of $38.44, together with costs, and an order was made, condemning the property attached to the satisfaction thereof.

In the case in question, involving the damages for a breach of the claim suit bond, the court found that the value of the property taken possession of by the defendant under the bond sued on was $134.97, and the amount of the judgment in the case of J. M. Dillard against S. Johnson, pleaded by the defendant as to the set-off, to be, principal, $38.40, and costs, $25.70, making a total of $64.14. Judgment was then rendered in favor of the plaintiff, Johnson, against the defendants Dillard and Faulk in the sum of $70.83 and costs.

There is evidence tending to show that in the suit of Dillard against Johnson in the justice court for $99.75, as a balance for rent, a statement was introduced in the justice court showing the amount due by Johnson to Dillard. There is also evidence tending to show that the question of attorney's fee was gone into and considered on the trial of that cause, and that the balance insisted by Dillard to be due from Johnson exceeded the sum of $100, and that, in order to bring the case within the jurisdiction of the justice court, the excess was remitted, and judgment taken for $99.75. This judgment was carried to the circuit court for review, resulting in a judgment for $38.44, as above stated. It does not appear an appeal was taken from this judgment. The complaint in that cause is not here set out, and there is nothing to indicate the nature of the cause of action, except that it was for a balance claimed as rent due by Johnson to Dillard.

There was proof tending to show that some of the cotton raised on the place had been sold by the tenants, and amounts collected from the purchasers. Defendants offered to prove by T. S. Faulk, member of the firm of T. S. Faulk & Co., who purchased some of the cotton raised on this place, that the cotton purchased by said firm, and for which receipts were turned over to Dillard in payment of the rent, did not class middling, and that the value of the cotton was less than middling. Objection to this testimony was interposed by the plaintiff, and was sustained by the court.

W. O. Mulky, of Geneva, and J. D. Bailey, of Florala, for appellants. C. D. Carmichael, of Geneva, for appellee.

GARDNER, J. The foregoing statement of the case will suffice for a general understanding of the questions here presented.

It is first insisted by counsel for appellant that the evidence shows that before the levy of the writ of attachment in the suit by Johnson against the Jacksons, upon the property to which the appellant Dillard interposed his claim and executed bond, which is the foundation of this suit, said property was fastened with a lien in favor of Dillard for rent due by Johnson, as well as covered by a mortgage executed by Johnson to Dillard; and that therefore the property was not subject to the lien of attachment, and no harm could result to Johnson by a failure on the part of Dillard to restore it.

Our attention is directed to the case of Holloway v. Burrough & Taylor Co., 4 Ala. App. 630, 58 South. 953, wherein the claimant executed bond, as here, and obtained possession of the property levied upon, but failed and refused to make the statutory affidavit and suffered his claim suit to be dismissed, as was the course pursued in the instant case. It was there held that the question as to the right of property as between the claim-

ant and the plaintiff in the attachment suit had not become a matter res adjudicata, as a result of the dismissal of the claim suit, but that the question as to the liability of the property to the satisfaction of the plaintiff's demand was open for litigation and determination in the suit by the plaintiff against the claimant for a breach of the bond. The substance of the above statement of facts was contained in the pleas, and the cause reversed for the action of the court in sustaining demurrers to these pleas. Conceding the correctness of the holding in the case of Holloway v. Burrough & Taylor Co., supra, we are of the opinion the principle there announced is without effect in the instant case for the following reasons: On November 24, 1915, said Dillard commenced suit against Johnson to collect the balance due him by said Johnson, the suit having been begun in the justice court. The exact nature of the cause of action is not here disclosed, but the evidence shows that upon the trial of that cause the question of the indebtedness of Johnson to Dillard for rent on his plantation was gone into, together with the indebtedness for attorney's fee which was stipulated for in the notes executed by Johnson. This suit resulted in a judgment being rendered on December 13, 1915, in favor of Dillard in the sum of $99.75, a portion of the indebtedness having been remitted in order to bring the cause within the jurisdiction of the justice court, and an order was made, condemning the property levied on in that suit for the satisfaction of the judgment. The claim bond, which is the foundation of this suit, was executed January 18, 1916. The judgment in the justice court against Johnson was, by the latter, carried to the circuit court for review, and that cause was submitted to the trial court at the same term the cause here under consideration was submitted.

It appears from the evidence also that the mortgage held by Dillard against Johnson for $283.39, representing a past-due indebtedness, had been paid prior to the institution of the instant case; the evidence indicating that this mortgage was paid very soon after it was due. There was some evidence tending to show that at the time this mortgage was paid to the bank, where it had been deposited by Dillard, it was at that time in the hands of an attorney, and an attorney's fee had accrued. The evidence for the plaintiff tends to show that when he paid the bank he received a receipt, but did not receive the mortgage. The receipt, however, does not appear in the evidence.

It appears, however, that upon the trial of the case of Dillard against Johnson in the justice court, the question of attorney's fee was gone into, and there is also evidence tending to show that the indebtedness claimed on account of attorney's fee amounted to $100. This amount, however, included all matters pertaining to the collection of

rent from Johnson, as well as any fee that might be considered due on the mortgage which was on deposit at the bank. There was, however, no evidence indicating the amount of any attorney's fee claimed as to any particular transaction, and no evidence seems to have been offered indicating what would have been a reasonable attorney's fee due upon the mortgage on deposit in the bank separate from that for the collection of rent.

The trial of the cause in the circuit court of Dillard against Johnson resulted in a judgment for the plaintiff in the sum of $38.-44 and costs, and the property attached was condemned for the satisfaction thereof. In rendering judgment in the instant case, the court found for the plaintiff, and ascertained the value of the property in possession of the defendant, under the bond sued on, to be $134.97; and it further ascertained that the amount of the judgment in the case of Dillard against Johnson "pleaded by the defendant as to the set-off, to be principal $38.-44 and costs $25.70, making a total of $64.14." It was thereupon ordered that the plaintiff recover of the defendants the sum of $70.83.

[1] It thus appears that the question of indebtedness of Johnson to Dillard was litigated in the case of Dillard against Johnson, which was begun in the justice court and subsequently carried to the circuit court, resulting in the judgment for the plaintiff, as above indicated, and that said Dillard was given full credit for the amount ascertained by the court to be due in the judgment rendered in the instant case. Such being the situation, therefore, and the question of the amount of indebtedness due by Johnson to Dillard having been litigated and satisfied in the manner indicated, it clearly appears that these facts bring- the case from without the influence of the principle announced in the Holloway Case, supra.

The defendants offered proof tending to show that some of the cotton bought by strangers from some of the tenants on the place, and turned over to Dillard in payment of the rent, did not class middling, and that its value was less than the value of middling cotton. What we have above stated discloses that the question of indebtedness was the very subject of litigation in the justice court in the case of Dillard against Johnson, and was actually determined, subsequently resulting in a judgment in the circuit court; and therefore this question was not again open for consideration as to the amount due for rent. There was therefore no error in sustaining the objection to this evidence.

It is next insisted that the defendant Dillard should have been allowed as set-off damages resulting from the plaintiff, Johnson, holding over after the termination of his right under the lease; he having remained in possession of the land for a period of two months in the year 1916, and until he was ousted by the judgment in the unlawful de-tainer suit. While damages for the detention of land was claimed in the complaint in the justice court, yet in the suit for unlawful detainer no damages were entered.

The case of Belshaw v. Moses, 49 Ala. 283, is relied upon as holding that the judgment in an unlawful detainer suit is no bar to a subsequent action for damages sustained either before or after its rendition. In that case it does not appear that any damages were claimed in the suit for unlawful detainer. It is further stated that the suit was for damages which accrued subsequent to the rendition of the judgment in the unlawful detainer suit. Here, the damages were claimed but not recovered, and the damages here offered to be set off are those which are alleged to have accrued prior to the judgment in the unlawful detainer cause. Whether under the facts as here presented the question of these damages is a matter res adjudicata we need not determine.

[2, 3] The lease contract, under which Johnson, the plaintiff, held the land, stipulated for a period of five years, and the undisputed evidence shows that this lease had not expired at the time Johnson was ousted by the unlawful detainer judgment. The unlawful detainer suit was founded upon a forfeiture provision in the lease upon the failure on the part of the lessee to pay the rent when due. We have recently had under consideration section 4273 of the Code of 1907, concerning the recovery by the landlord of double the amount of the annual rent against the tenant who unlawfully retains possession after the expiration of his term. Vizard Inv. Co. v. Mobile Fish & Oyster Co., 197 Ala. 625, 73 South. 328. We there held that this penalty was not recoverable until the expiration of the term of the lease, i. e., its termination by its own limitation, and not by the lessor's termination by forfeiture in accordance with a provision in the contract. Under this authority, therefore, it clearly appears that Dillard was not entitled to this penalty as a set-off against the action; nor did he prove any actual damages upon the trial of the cause. True, when questioned in regard to any such damages he sustained on account of Johnson failing to vacate the premises on January 1st, in accordance with his demand, he stated "he might get somewhere about it; that he would insist he was damaged $140 or $150" and this is the extent of the evidence as to the actual damage claimed to have been sustained. Indeed, the defendant Dillard did not even state that he was damaged in any particular sum, but only as to what he would insist upon. Clearly, therefore, the trial court treated this testimony as merely presenting a general conclusion, or speculation, on the part of the witness, unsupported by any statement of fact, and considered the evidence upon this point as without probative force; and in such conclusion we concur. It therefore results

that without regard to the question of res adjudicata, the plaintiff has proved no actual damages, and under the undisputed proof in the case he was not entitled to the penal provision as stipulated in section 4273 of the Code.

We have here considered the questions presented in brief of counsel for appellant, and, having reached the conclusion that the trial court committed no reversible error in the judgment rendered, it will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.